WEAST V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-397-CR

DUANE M. WEAST APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM COUNTY CRIMINAL COURT NO. 9 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

The trial court convicted Appellant Duane M. Weast of driving while intoxicated (DWI).  The trial court fined him $750, sentenced him to forty-five days in the Tarrant County Jail, and suspended his driver’s license for two years.  On appeal, Appellant complains that the evidence is legally and factually insufficient to support his conviction and that the trial court erred in overruling his motion for new trial.  We affirm.

On December 22, 2001, at approximately 4:00 p.m., Fort Worth police officer C.J. Hash observed Appellant driving his pickup truck at a high rate of speed through an intersection.  Appellant braked quickly to avoid a collision, and his truck tires locked up and squealed.  

Officer Hash stopped Appellant.  Appellant had trouble finding his license and had to thumb through his cards several times before he found it.  Officer Hash detected a strong odor of alcohol on Appellant’s breath.  Officer Hash conducted three field sobriety tests.  In the first, the horizontal gaze nystagmus test, Appellant exhibited six out of six clues of intoxication, resulting in a failed test.  In the second test, the walk-and-turn test, Appellant had trouble complying with the instructions.  He did not touch his toe to his heel on all his steps, and he overlapped his footing.  In the third test, the one-leg stand test,  Appellant could not keep his foot raised and placed it on the ground twice.  He also swayed from left to right.  Officer Hash arrested Appellant for DWI.

In the cab of Appellant’s truck, Officer Hash found a pink, plastic cup containing an alcoholic beverage in the center console.  He also found a plastic Coke bottle on the passenger seat and a bottle of Jack Daniels whiskey, with a quarter of its contents remaining, behind the driver’s seat and within Appellant’s reach.

Officer Hash testified at trial that Appellant was operating his motor vehicle while under the influence of alcohol.  He also testified that Appellant had lost the normal use of his mental and physical faculties.  Officer Neal Noakes, who assisted Officer Hash in transporting Appellant to jail, also testified that Appellant had a strong odor of alcohol on his breath and person.

Appellant testified at trial.  He explained that he came to a halt at the downtown intersection because the car in front of him stopped at a green light. He also testified that Officer Hash failed to fully explain the field sobriety tests. Appellant stated that he had bought the whiskey the previous Friday to take to work, and that the cup was for his boss, Cecil.  He explained that his custom was to share the whiskey with coworkers and family when giving Christmas greetings.  He also testified that he had consumed only one beer the day he was stopped and denied being intoxicated.

Otis E. Green, Jr., an investigator with the Arlington Police Department, also testified on Appellant’s behalf.
(footnote: 2)  Green testified that Appellant is his wife’s cousin, and that he had known Appellant for approximately twenty-one years.  Green testified that on the day Appellant was arrested, Appellant had been at  Green’s home.  Green testified that he saw Appellant drink only one can of beer.  Green said that when Appellant left his home at approximately 2:15 p.m., Appellant exhibited no signs of intoxication or change in demeanor as a result of the consumption of the beer.  On cross-examination, Green testified that he had training as a police officer and had arrested persons for driving while intoxicated.  On redirect, Green viewed the videotape of Appellant and was of the opinion that Appellant did not appear intoxicated.  Green indicated that, based on his knowledge of Appellant, he would be comfortable with Appellant driving his own daughter even after he had consumed whiskey and beer.

In his first two points, Appellant makes legal and factual sufficiency complaints.  Specifically, he argues that the testimony of Green, who, in addition to being a long-time friend of Appellant, was also a trained police officer who had experience in determining if an individual is intoxicated, indicated that Green did not believe Appellant was intoxicated.  The evidence, therefore, was insufficient.

A person commits the offense of DWI if the person operates a motor vehicle in a public area while intoxicated.  
See 
Tex. Penal Code Ann. 
§ 49.04(a) (Vernon 2003).  After reviewing the record, we conclude that the evidence is both legally and factually sufficient to support Appellant’s conviction for DWI.  Although the trial court heard testimony that Green did not believe Appellant was intoxicated, it is entitled to evaluate the credibility of the witnesses and to determine the weight to be given any particular evidence.  
See Jones v. State
, 944 S.W.2d 642, 647 (Tex. Crim. App. 1996).  Appellant was arrested approximately two hours after leaving Green’s home, and Green testified that he was not aware that Appellant had in his truck a cup filled with Jack Daniels whiskey and Coke and a bottle of Jack Daniels with only one-fourth of its contents remaining.  The trial court did not have to give great weight to or even believe Green’s testimony.  
See id.

Accordingly, applying the appropriate standards of review,
(footnote: 3) we hold that the evidence is both legally and factually sufficient to support the trial court’s judgment.
(footnote: 4)  We overrule Appellant’s first and second points.

In his third point, Appellant contends that the trial court abused its discretion by not granting his motion for new trial because it did not give due deference to Green’s testimony.
  As discussed above, the trial court did not have to give great weight to Green’s testimony, regardless of the length of time he had known Appellant or the extent of his training and experience.  Because the evidence was legally and factually sufficient and the trial court could evaluate Green’s credibility and testimony, we hold that the trial court did not abuse its discretion in overruling Appellant’s motion for new trial.  We overrule Appellant’s third point.

Having overruled all of Appellant’s points, we affirm the trial court’s judgment.

DIXON W. HOLMAN

JUSTICE

PANEL A: CAYCE, C.J.; HOLMAN and GARDNER, JJ.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED: June 19, 2003

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.

2:
To clarify, Green was not involved with or present at Appellant’s arrest.

3:
See Emery v. State
, 881 S.W.2d 702, 705 (Tex. Crim. App. 1994) (providing legal sufficiency standard of review), 
cert. denied
, 513 U.S. 1192 (1995); 
Narvaiz v. State
, 840 S.W.2d 415, 423 (Tex. Crim. App. 1992) (same), 
cert. denied
, 507 U.S. 975 (1993); 
Sims v. State, 
99 S.W.3d 600, 603 (Tex. Crim. App. 2003)
 (holding that 
a proper factual sufficiency review must include a discussion of the most important and relevant evidence that supports the appellant's complaint on appeal);
 Santellan v. State
, 939 S.W.2d 155, 165 (Tex. Crim. App. 1997) (providing factual sufficiency standard of review); 
Clewis v. State
, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996) (same).

4:
See Jackson v. Virginia
, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Johnson v. State
, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000); 
Clewis
, 922 S.W.2d at 134.