NO. 07-04-0017-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



FEBRUARY 26, 2004



______________________________



DEVON ENERGY PRODUCTION COMPANY, L.P. AND


PENNZENERGY EXPLORATION AND PRODUCTION L.L.C., APPELLANTS



V.



TERRY COUNTY APPRAISAL DISTRICT, APPELLEE


_________________________________



FROM THE 121ST DISTRICT COURT OF TERRY COUNTY;



NO. 15,762; HONORABLE KELLY G. MOORE, JUDGE



_______________________________



Before QUINN and REAVIS and CAMPBELL, JJ.

ON AGREED MOTION FOR CONSOLIDATION OF APPEALS


AND FOR BRIEFING SCHEDULE



 Pending before this Court is an agreed motion for consolidation of four cases and
for a briefing schedule in cause numbers 07-04-0005-CV, 07-04-0007-CV, 07-04-0017-CV,
and 07-04-0019-CV. Pursuant to Rule 2 of the Texas Rules of Appellate Procedure, (1) we
grant the motion in part for the limited purpose of filing the appellate record and the briefs
as follows:

 1. A clerk's record in each separate cause shall be filed in this Court not
later than 30 days beyond the deadlines set in Rule 35.1.

 

 2. One consolidated reporter's record of the two Hockley County cases and
one consolidated reporter's record of the two Terry County cases shall be
filed not later than 30 days beyond the deadline set in Rule 35.1. 


 3. An appellant presenting entirely common issues or points of error and
common questions of fact and law may, but is not required to, file a single
brief covering more than one of the cases in which it is a party. To avoid
confusion, the Court directs that record references be provided to all records
as necessary. See Tex. R. App. P. 38.1 (d), (f), and (h). Briefs shall be filed
30 days after the last clerk's record or reporter's record is filed in all four
cases. Tex. R. App. P. 38.6(a). At the present time the latest record is due
to be filed on Monday, April 19, 2004. Thus, excepting further orders of this
Court, appellants' briefs are due to be filed on or before Wednesday, May
19, 2004.


 4. Appellees Hockley County Appraisal District and Terry County Appraisal
District may, but are not required to, each file a single brief covering more
than one of the cases in which it is a party. To avoid confusion, the Court
directs that record references be provided to all records as necessary. See
Tex. R. App. P. 38.1 (d), (f), and (h). Briefs shall be filed 30 days after
appellants' briefs are filed. Tex. R. App. P. 38.6(b).


 The Court may require additional briefing as necessary. Tex. R. App. P. 38.7. In
all other respects, the motion is denied. It is so ordered.

 

 Per Curiam 
1. All references to rules are to the Texas Rules of Appellate Procedure.



TYLE="text-decoration: underline">See Clewis v. State, 922 S.W.2d 126, 133 (Tex.Crim.App.
1996). If the evidence is legally sufficient to support the verdict, we then review the factual
sufficiency challenge, if one is properly raised. See id. 

 In reviewing the legal sufficiency of the evidence, we review all the evidence in the
light most favorable to the verdict to determine whether any rational trier of fact could have
found the essential elements of the offense beyond a reasonable doubt. Jackson v.
Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560, 573 (1979); Ross v. State, 133
S.W.3d 618, 620 (Tex.Crim.App. 2004). The jury is the sole judge of the weight and
credibility of the evidence. Jackson, 443 U.S. at 319. 

 To prove the offense of murder, the State must prove that an accused intentionally
or knowingly caused the death of an individual. Tex. Pen. Code Ann. § 19.02(b) (Vernon
2003). A person may be convicted as a party to an offense if he commits the offense by
his own conduct or by the conduct of another for whom he is criminally responsible. Tex.
Pen. Code Ann. § 7.01(a) (Vernon 2003). A person is criminally responsible for the acts
of another if, while in an attempt to carry out a conspiracy to commit one felony, another
felony is committed by one of the conspirators, even though the accused had no intent to
commit the felony actually committed, so long as it was one that should have been
anticipated as a result of the carrying out of the conspiracy. See Tex. Pen. Code Ann. §
7.02(b) (Vernon 2003). 

 In addition to the evidence noted above, Sylvester admitted that he attempted to buy
"dope" from Ramirez, that appellant knew that Sylvester was going to buy dope from
Ramirez, and that appellant helped Sylvester set up the dope deal. Further, Sylvester
admitted that, but for appellant, he would not have known to contact Ramirez to buy dope. 
Considering that appellant assisted Sylvester in a drug transaction, ran away during the
shooting, and misled police after the shooting, the jury had evidence, when viewed in light
most favorable to the verdict, of appellant's participation in a felony that led to the murder. 
We conclude that a rational jury could have found the essential elements of the offense
of murder beyond a reasonable doubt by concluding that appellant was assisting Sylvester
in the commission of a felony, namely possession of a controlled substance, when Ramirez
was shot by Sylvester. See Hernandez v. State, 198 S.W.3d 257, 261 (Tex.App.-San
Antonio 2006, pet. ref'd) (the fact finder may examine the events occurring before, during,
and after the commission of the offense to determine an accused's participation as a
party). A rational jury could also have found that murder can be reasonably anticipated
during a drug deal. Therefore, the trial court did not err in denying appellant's request for
a directed verdict based on the legal sufficiency of the evidence. We overrule appellant's
first issue.

 When an appellant challenges the factual sufficiency of the evidence supporting his
conviction, the reviewing court must determine whether, considering all the evidence in a
neutral light, the jury was rationally justified in finding defendant guilty beyond a reasonable
doubt. See Watson v. State, No. PD-469-05, 2006 Tex. Crim. App. LEXIS 2040, at *32-33
(Tex.Crim.App. Oct. 18, 2006). In performing a factual sufficiency review, we are to give
deference to the fact finder's determinations and not seek to order a new trial simply
because we may disagree with the verdict. See id. at *30. As an appellate court, we are
not justified in ordering a new trial unless there is some objective basis in the record
demonstrating that the great weight and preponderance of the evidence contradicts the
jury's verdict. See id. at *39. An opinion addressing factual sufficiency must include a
discussion of the most important and relevant evidence that appellant claims undermines
the jury's verdict. Sims v. State, 99 S.W.3d 600, 603 (Tex.Crim.App. 2003).

 Appellant directs this court's attention to the fact that Sylvester confessed and pled
to the murder of Ramirez. Appellant also points to his testimony, as well as Sylvester's,
that appellant did not know that Sylvester had a gun or that Sylvester planned to rob
Ramirez. However, Sylvester further testified that his intent in going to Ramirez's home
was to purchase drugs and that appellant participated is setting up the drug deal. 
Witnesses testified to actions by appellant that the jury could have concluded were
consistent with a culpable party such as running away from the scene and lying to police
officers about the identity of the co-defendants. Even if the jury believed that appellant was
unaware of the gun or Sylvester's intention of using the gun, a rational jury could have
concluded that appellant, as a party, should have reasonably anticipated the possibility of
violence during a drug deal. See Hernandez, 198 S.W.3d at 261.

 Recalling that we must defer to the jury's determination on fact issues, we conclude
that the great weight and preponderance of the evidence does not contradict the jury's
verdict. See Watson, 2006 Tex. Crim. App. LEXIS 2040, at *39. Therefore, we conclude
that the jury was rationally justified in finding defendant guilty beyond a reasonable doubt. 
The trial court did not err in denying appellant's request for a directed verdict based on the
factual sufficiency of the evidence. We overrule appellant's second issue.

Conclusion


 For the foregoing reasons, we affirm the trial court's judgment. 


 Mackey K. Hancock

 Justice





Do not publish.