NO. 07-04-0474-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



DECEMBER 28, 2005



______________________________


 

JEREMY LEE WARREN, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE 251ST DISTRICT COURT OF POTTER COUNTY;



NO. 49,148-C; HONORABLE PATRICK PIRTLE, JUDGE


_______________________________




Before REAVIS and CAMPBELL and HANCOCK, JJ.

MEMORANDUM OPINION


 Appellant, Jeremy Lee Warren, appeals his conviction for the offense of robbery. 
Appellant was sentenced to ten years incarceration in the Institutional Division of the Texas
Department of Criminal Justice. We affirm.

Background

 A United Supermarket employee saw appellant reaching into shelving containing
sinus medication. As the employee had recently stocked the sinus medications, she
noticed that most of what she had stocked was missing. Being suspicious of appellant,
who was wearing a jacket in early May, the employee reported her observations to
management. Appellant was seen leaving the store without paying for anything. 

 Two members of United's management, Trey Funderburg and David Parker, began
following appellant. They observed appellant take off his jacket and attempt to stuff some
sinus medication into his pants. The managers asked appellant to come back into the
store. Appellant ran from the managers and, upon reaching the other side of an adjacent
street, began taunting them. Appellant stated that, since he was off of United's property,
the managers could not touch him. At this point, one of the managers told another United
employee to phone the police.

 The managers crossed the street and began following appellant. They repeatedly
asked appellant to return what he had taken. Appellant responded by threatening to fight
the managers if they continued to follow him. During the next few minutes, appellant
obtained a beer bottle, ran at the managers, and threw the bottle striking Parker. Parker
picked up the bottle to keep appellant from reacquiring the weapon. The managers
continued to follow appellant who "darted" into a stairwell at a nearby apartment complex. 
Funderburg went into another stairwell in an attempt to cut off appellant's escape. Parker
pursued appellant into the stairwell that he had taken. Upon rounding the corner of the
stairwell, appellant charged Parker, knocking the bottle from his hand. A struggle ensued
with both appellant and Parker attempting to obtain the bottle. Parker was successful in
keeping appellant from the bottle but, during the struggle, appellant grabbed Parker by the
shirt and threw him to the ground causing Parker a minor scrape to his elbow. Appellant
then walked away. The managers continued to follow appellant until police arrived and
arrested appellant.

 By two issues, appellant contends that the evidence supporting his conviction was
legally and factually insufficient. Specifically, appellant challenges the sufficiency of the
evidence that he intentionally, knowingly, or recklessly caused another bodily injury in the
course of committing theft, an essential element of the offense of robbery. See Tex. Pen.
Code Ann. §§ 29.01(1), 29.02 (Vernon 2003). (1)

Standards of Review

 Evidence is legally sufficient if, viewing all of the evidence in the light most favorable
to the verdict, a rational fact finder could have found the essential elements of the crime
beyond a reasonable doubt. See King v. State, 29 S.W.3d 556, 562 (Tex.Crim.App. 2000). 
A conviction will be sustained unless it is irrational or unsupported by more than a mere
modicum of evidence. Moreno v. State, 755 S.W.2d 866, 867 (Tex.Crim.App. 1988). 

 Evidence is factually sufficient if, viewing all of the evidence in a neutral light, a
rational fact finder would be justified in finding the defendant guilty beyond a reasonable
doubt. See Zuniga v. State, 144 S.W.3d 477, 484 (Tex.Crim.App. 2004). There are two
ways in which the evidence may be factually insufficient. First, when considered by itself,
evidence supporting the verdict may be too weak to support the finding of guilt beyond a
reasonable doubt. Id. Second, considering all of the evidence, both for and against the
verdict, the contrary evidence may be so strong that the beyond-a-reasonable-doubt
standard could not have been met. Id. at 484-85.

Law

 A person commits the offense of robbery if, in the course of committing theft and
with intent to obtain or maintain control of the property, he intentionally, knowingly, or
recklessly causes bodily injury to another. § 29.02(a)(1). The phrase "in the course of
committing theft" is statutorily defined to include conduct that occurs in immediate flight
after the attempt or commission of theft. § 29.01(1). However, neither the penal code nor
case law defines "immediate flight." Oggletree v. State, 851 S.W.2d 367, 369
(Tex.App.-Houston [1st Dist.] 1993, writ ref'd). Whether bodily injury was caused in the
immediate flight from a theft must be determined by comparing the facts of the case with
case law addressing the issue. Id. 

Analysis

 Appellant does not dispute that he committed theft nor that he injured Parker. 
However, appellant contends that he did not commit robbery because the bodily injury he
caused Parker did not occur in the course of committing theft. Appellant contends that,
since he subjectively believed that the managers could not pursue him once he left the
store's property, he was not in immediate flight from the commission of the theft when he
injured Parker. While appellant presents both legal and factual sufficiency issues, the
argument for each issue is identical. 

 We initially note that appellant cites no case law nor provides any substantive
argument to support his contention that his subjective belief that there was no reason to
flee negates a determination that subsequent bodily injury was caused in immediate flight
from a theft. This failure to adequately brief the issues presented precludes us from
adequately evaluating these issues. See Tex. R. App. P. 38.1(h); Lagrone v. State, 942
S.W.2d 602, 614 (Tex.Crim.App. 1997). However, in an abundance of caution, we will
address each of appellant's issues. 

 We construe appellant's sufficiency challenge to contend that appellant's subjective
belief that he could not be pursued by the managers negated the essential robbery element
that he caused another bodily injury while in immediate flight from the commission of the
theft. In Oggletree, the appellant challenged the sufficiency of the evidence supporting his
aggravated robbery conviction contending that the bodily injury that he caused upon his
return to the scene of the theft was separate and distinct from his immediate flight from the
attempted theft. Oggletree, 851 S.W.2d at 369. The court rejected this contention
determining instead that, because the appellant had engaged in one continuous criminal
episode uninterrupted by intervening circumstances, a rational jury could have found that
the appellant caused bodily injury in the immediate flight from the attempted theft. Id. 369-70. Thus, in Oggletree, the appellant's subjective belief that he had successfully fled from
the theft prior to his return to the scene of the crime had no bearing on the determination
of whether appellant caused another bodily injury in immediate flight from the theft. Based
on the reasoning of Oggletree, we are not persuaded by appellant's main argument that
his subjective belief negates a determination that he caused another bodily injury in the
commission of theft. See Sims v. State, 99 S.W.3d 600, 603 (Tex.Crim.App. 2003).

 Viewing all of the evidence in the light most favorable to the verdict, we conclude
that the evidence was sufficient to enable a rational jury to find, beyond a reasonable
doubt, that appellant caused Parker bodily injury while in immediate flight from the theft. 
See King, 29 S.W.3d at 562. We overrule appellant's first issue.

 Further, having rejected appellant's contention regarding the effect of his subjective
belief, we conclude that the remaining evidence, when viewed in a neutral light, is not so
weak that a rational jury could not have found appellant guilty of robbery beyond a
reasonable doubt. Evidence was presented that appellant alternated between walking and
running from the pursuing managers, threatened the managers in an attempt to dissuade
them from following him, threw a bottle at the managers to halt their pursuit, attempted to
evade their pursuit by darting into a stairwell at a nearby apartment complex, and attacked
Parker to elude apprehension. We conclude that this evidence is sufficient to establish that
appellant acted in one continuous criminal episode uninterrupted by intervening
circumstances and, therefore, the jury was rationally justified in concluding that appellant
injured Parker while in immediate flight from the theft. We overrule appellant's second
issue.



Conclusion

 Concluding that the evidence supporting appellant's conviction for robbery was both
legally and factually sufficient, we affirm the judgment of the trial court.


 Mackey K. Hancock

 Justice




Do not publish. 


1. Further reference to provisions of the Texas Penal Code will be by reference to "§
__."


ty="69" SemiHidden="false"
 UnhideWhenUsed="false" Name="Medium Grid 3 Accent 3"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









                                                            NO.
07-10-0418-CR

NO. 07-10-0419-CR

                                                                              

                                                   IN THE COURT OF
APPEALS

 

                                       FOR THE SEVENTH DISTRICT OF
TEXAS

 

                                                                 AT
AMARILLO

 

                                                                      PANEL
B

 

                                                           FEBRUARY
14, 2011

                                            ______________________________

 

                                                    BRYANT KESSLER
JONES,

 

Appellant

 

                                                                            V.

 

                                                        THE STATE OF
TEXAS,

                                                                              

Appellees

                                            ______________________________

                                                                                                                                    

         FROM THE CRIMINAL DISTRICT COURT NO.
TWO OF TARRANT COUNTY;

 

              NOS. 1207009R and 1208348R; HON. WAYNE SALVANT,
PRESIDING

                                           _______________________________

                                                                              

                                               ON ABATEMENT AND
REMAND

                                           _______________________________

 

Before QUINN, C.J., and CAMPBELL
and HANCOCK , JJ.








Appellant Bryant
Kessler Jones appeals from his convictions for the offenses of engaging in
organized criminal activity, to-wit: 
murder and aggravated assault with a deadly weapon, a firearm.  On November 4, 2010, the clerk=s
record was filed.  The reporter=s
record was due on January 18, 2011.  On
January 25, 2011, this Court notified the reporter by letter that the record in
each case had not been filed and to advise the Court of the status of the record
on or before February 4, 2011.  To date,
no status of the records nor reporter=s
records have been filed.

Accordingly, we
abate this appeal and remand the cause to the Criminal District Court No. 2 of
Tarrant County (trial court) for further proceedings.  Upon remand, the trial court shall
immediately cause notice of a hearing to be given and, thereafter, conduct a
hearing to determine:

when the reporter=s
records can reasonably be transcribed into written form and filed in a manner
that does not further delay the prosecution of this appeal or have the
practical effect of depriving the appellant of his right to appeal.

 

 

The trial court
shall cause the hearing to be transcribed. 
So too shall it 1) execute findings of fact and conclusions of law addressing
the foregoing issue, 2) cause to be developed a supplemental clerk=s
record containing its findings of fact and conclusions of law and all orders it
may issue as a result of its hearing in this matter, and 3) cause to be
developed a reporter=s record
transcribing the evidence and arguments presented at the aforementioned
hearing, if any.  Additionally, the
district court shall then file the supplemental clerk=s
and reporter=s records transcribing the hearing with
the clerk of this court on or before March 16, 2011.  Should further time be needed by the trial
court to perform these tasks, then same must be requested before March 16, 2011.

It is so
ordered.

Per Curiam

 

Do not publish.