Scott Everett SIMS, Appellant,

v.

The STATE of Texas.

No. 1328–01.

Court of Criminal Appeals of Texas.

March 12, 2003.

Joseph L. Lanza, Houston, for Appellant.

Carol M. Cameron, Asst. Dist. Atty., Houston, Matthew Paul, State's Atty., Austin, for State.

PRICE, J., delivered the opinion of the Court, in which KELLER, P.J., MEYERS, JOHNSON, HOLCOMB, and COCHRAN, JJ., joined.

Today we are called upon to decide whether and to what extent a reviewing court must discuss particular evidence admitted at trial when an appellant claims that the evidence was factually insufficient to support his conviction. We conclude that, as a general proposition, reviewing courts should at least mention what the parties assert is the most important or most relevant evidence supporting a claim that the evidence is factually insufficient.

The appellant was convicted of driving while intoxicated. The issue of the appellant's guilt was hotly contested at trial. Upon the appellant's motion, and before receiving the briefs in the case, the Court of Appeals ordered the convicting court to deliver an audiotape and videotape to the Court for its inspection. In the appellant's brief, he argued that the tapes were the most significant evidence supporting his claim that the evidence was legally and factually insufficient.

■ In its opinion, the Court of Appeals affirmed the conviction, concluding that the evidence was both legally and factually sufficient to support the conviction. *Sims v. State*, No. 14–99–01229–CR, 2001 WL 224960 (Tex.App.-Houston [14th Dist.] Mar. 8, 2001) (not designated for publication). After citing the correct standard of law, the Court of Appeals set out most, but not all, of the evidence admitted at trial. *Id.,* slip op. at 2–4. We granted the appellant's petition for discretionary review to determine whether the Court of Appeals

properly performed the factual sufficiency review. We conclude that, because the Court of Appeals did not discuss the evidence that the appellant argued best supported his claim, the Court erred.

■ For a factual sufficiency review, an appellate court looks at all the evidence to determine whether it is so weak as to make the verdict clearly wrong and manifestly unjust or whether the adverse finding is against the great weight and preponderance of the available evidence. *Johnson v. State*, 23 S.W.3d 1, 11 (Tex. Crim.App.2000).

■ Our review of a court of appeals's factual sufficiency decision is limited in scope. We may determine only whether the court of appeals applied the correct standard of review and considered all of the relevant evidence. *Cain v. State*, 958 S.W.2d 404, 408 (Tex.Crim.App.1997). We may not redo the factual sufficiency review ourselves. If we conclude that the court of appeals applied an improper legal standard or failed to consider all the relevant evidence, we remand the case to the court of appeals for a proper review. *Ibid.*

In this case, the Court of Appeals set out the evidence as follows:

> The evidence presented against appellant consisted mainly of the testimony of the arresting officer, Jonathan Forbes. Forbes testified that he was specially trained, through a DWI certification program, to recognize intoxicated persons and had previously worked for six to eight months with the DWI enforcement program while a reserve officer with the Harris County Sheriff's Department, prior to working for the Jacinto [City] Police Department. Forbes witnessed appellant's vehicle drive straight through a right turn-only lane, almost

striking a curb, then swerve across three lanes to make a left turn. Additionally, Forbes testified that he drove behind appellant, with his emergency lights on and his horn and siren sounding, for approximately five hundred yards, before appellant stopped.

After pulling appellant's vehicle over, Forbes noticed that appellant's breath smelled of alcohol and that his eyes were watery and bloodshot. Forbes testified that appellant took several minutes to locate his driver's license, even skipping over it several times while fumbling through his wallet. Upon exiting his vehicle, appellant used the roof and door to climb out and then continued to lean on the vehicle. Forbes testified that upon receiving his ticket, appellant stated, "Well, a drunk man made a mistake on the policeman's ticket." Forbes attempted to administer a horizontal gaze nystagmus test, but appellant moved his head. Further, Forbes testified that he found an open can of cold beer standing upright on the floorboard under the middle of the bench seat of appellant's vehicle. Forbes testified that based on all of the above facts, his opinion was that appellant was intoxicated and did not have control of his mental and physical faculties. Because a rational trier of fact could infer from Forbes's testimony that appellant had lost the use of his mental and physical faculties by reason of the introduction of alcohol into his body, the evidence is legally sufficient to support his conviction.

With regard to factual sufficiency, Shirley Hardin, a passenger in appellant's vehicle, and appellant testified contrary to officer Forbes. Hardin said she never felt that appellant was driving unsafely and denied that he made the lane-crossing turn or almost hit the curb. Additionally, she testified that she never saw appellant place a beer can

in the truck and denied that appellant exited the car with two hands and hung onto the side of the truck while talking to Forbes. Further, Hardin claimed appellant's eyes were bloodshot and watery because he was allergic to the cats that live at her chiropractic clinic, where he had picked her up that night.

During appellant's testimony, he denied that the officer followed him with the emergency lights and siren on, and that he exited the car strangely, leaned on his truck, had difficulty finding his license, or was drunk or impaired at the time of his arrest. In addition, appellant stated he made the statement to the officer about the mistake on the ticket after the officer accused him of being intoxicated.

*Sims*, No. 14–99–01229–CR, slip op. at 2–4. Other evidence in the case included an audiotape of the appellant's arrest and a videotape made at the police station. The appellant requested that the Court of Appeals obtain the tapes from the trial court and argued in his brief filed in the Court of Appeals that the tapes supported his claim. He urged the Court to review both tapes.

In his brief to the Court of Appeals, he mentioned the tapes several times and twice stated that the tapes were the most significant evidence supporting his claim. Appellant's Brief at 9–12, 13, 17, 19, 22, 25, 26, *Sims v. State*, No. 14–99–01229–CR, 2001 WL 224960 (Tex.App.-Houston [14th Dist.] Mar. 8, 2001) (not designated for publication). The State also mentioned the tapes several times in its brief to the Court of Appeals. State's Appellate Brief at 6, 7, 10, 11, 14, 16, *Sims v. State*, No. 14–99–01229–CR, 2001 WL 224960 (Tex. App.-Houston [14th Dist.] Mar. 8, 2001) (not designated for publication). After the Court of Appeals affirmed the conviction without mentioning the tapes, the appel-

lant filed a motion for rehearing. Once again, he emphasized that the tapes presented strong evidence that he had not been intoxicated when he was driving on the night he was arrested. Appellant's Motion for Rehearing at 3, 4, 5, *Sims v. State*, No. 14–99–01229–CR, 2001 WL 224960 (Tex.App.-Houston [14th Dist.] Mar. 8, 2001) (not designated for publication).

■ Such evidence, when it supports or undermines other evidence admitted at trial, is particularly helpful when an issue is contested and when there is a swearing match between witnesses about what happened. *See, e.g., Carmouche v. State*, 10 S.W.3d 323, 332 (Tex.Crim.App.2000) (holding that videotape contradicted officer's testimony during a motion to suppress hearing that Carmouche had consented to a search).

We have reviewed the videotape and the audiotape in this case. Both tapes contain evidence that is relevant to the contested issue in the case: whether the appellant had the normal use of his mental and physical faculties while driving on the night he was arrested. And both parties referenced the tapes repeatedly in their briefs before the Court of Appeals. The tapes should have been mentioned in the opinion, particularly because they were not originally included in the appellate record.

The State argues that the absence of any reference to the two tapes does not establish whether the Court of Appeals considered the audiotape and the videotape. That is true. But the only indication we have of the evidence considered by the Court of Appeals is the evidence discussed in its opinion.

And the State's proposition, followed to its natural conclusion, would make the Court of Appeals immune from review when it affirms the case and says in its opinion that it reviewed all the evidence.

Under this view, courts of appeals would not be required to discuss the evidence at all. We would have to assume that, although a court of appeals failed to discuss the evidence, it considered it and disregarded it for good reason. We have held that the Court of Appeals must do more than that to reverse a case on the basis of factual insufficiency. *See Goodman v. State*, 66 S.W.3d 283, 286–87 (Tex.Crim. App.2001) (concluding that the opinion below did not clearly articulate its reasons for finding the evidence factually insufficient).

■ Our Court, in *Cain*, did not hold that the court of appeals need discuss all the evidence *only* if it reverses the case. On the contrary, the Court said, "We are empowered only to determine whether the court of appeals applied the correct standard of review and considered all of the relevant evidence." *Cain*, 958 S.W.2d at 408. Today, in keeping with *Cain*, we conclude that in a factual sufficiency review the court of appeals is required to consider the most important evidence that the appellant claims undermines the jury's verdict.

■ As a general proposition, reviewing courts ought to mention a party's number one argument and explain why it does not have the persuasive force that the party thinks it does. The party may be dissatisfied with the decision, but at least he will know the reason he was unsuccessful. This practice maintains the integrity of the system and improves appellate practice. We do not require that the courts of appeals discuss *all* the evidence admitted at trial, but a proper factual sufficiency review must include a discussion of the most important and relevant evidence that supports the appellant's complaint on appeal.

Our holding requires a common sense approach that Texas Rule of Appellate Procedure 47.1 suggests when it states that:

The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal. Where the issues are settled, the court should write a brief memorandum opinion no longer than necessary to advise the parties of the court's decision and the basic reasons for it.

In this way, Rule 47.1 suggests that the courts of appeals should "show their work," much as we had to when learning long division in elementary school, unless they have written a memorandum opinion.

The appellant's main argument before the Court of Appeals was that the tapes are the best evidence that he was not intoxicated when he was driving the night he was arrested, despite the officer's testimony. This was an issue necessary to the decision. If the Court of Appeals reviewed, considered, and disregarded the tapes in its analysis, it would take no more than a short paragraph to explain why they did not have the persuasive force the appellant claimed they had.

In this case, the opinion of the Court of Appeals fails to mention this important evidence that the appellant asserted was crucial to his claim. The judgment of the Court of Appeals is vacated, and the case is remanded to that Court to consider the evidence that the appellant asserted was the most important evidence that conflicted or contradicted the State's evidence of guilt.

HERVEY, J., concurred in the judgment.

WOMACK and KEASLER, JJ., dissented.