IN THE COURT OF CRIMINAL APPEALS


OF TEXAS


 






NO. 811-03







TINA MARIE WRIGHT A/K/A TINA MARIE NAGEL, Appellant



v.



THE STATE OF TEXAS






ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE ELEVENTH COURT OF APPEALS


TAYLOR COUNTY







 Per Curiam


O P I N I O N 




 Appellant was convicted of first degree possession of methamphetamine, and her 
punishment was assessed at life. The Court of Appeals affirmed the conviction. Wright v.
State, No. 11-02-00006-CR (Tex. App.- Eastland, delivered April 3, 2003). Appellant filed
a petition for discretionary review.

 In her first and second points of error on appeal, Appellant argued that the evidence was
insufficient to prove that the aggregate weight of the substance possessed was more than 200
grams. The Court of Appeals set out the applicable evidence and quoted Section 481.002.(5)
of the Health and Safety Code, which provides, "The term [controlled substance] includes the
aggregate weight of any mixture, solution, or other substance containing a controlled
substance." The Court of Appeals concluded that the evidence was sufficient because, "the
State's expert suppled the proof that appellant possessed a controlled substance which had an
aggregate weight of more than 200 grams." The Court of Appeals did not address Appellant's
argument that interpreting the statute to include unusable, toxic liquids in determining the
weight of the controlled substance was an absurd result the legislature could not have intended. 
See Boykin v. State, 818 S.W.2d 782 (Tex. Crim. App. 1991).

 Appellant's third and fourth points of error challenged the constitutionality of Section
481.002 (5) on the grounds that it fails to provide notice that unusable, toxic liquids are
included in determining the weight of a controlled substance. The Court of Appeals addressed
this argument by holding, "Points of Error Nos. 3 and 4 are overruled because the statue is not
unconstitutionally vague under Amendment XIV or Article I, section 19."

 Tex.R.App.Pro 47.1 provides:

 The court of appeals must hand down a written opinion that is as brief as
practicable but that addresses every issue raised and necessary to final
disposition of the appeal. Where the issues are settled, the court should write
a brief memorandum opinion no longer than necessary to advise the parties of
the court's decision and the basic reasons for it.


In Simms v. State, 99 S.W.3d 600 (Tex. Crim. App. 2003), this Court noted that Rule 47.1 
requires appellate courts to "show their work," just as math students must do when solving an
equation.

 The Court of Appeals' opinion inadequately addressed Appellant's arguments. With
regard to points of error one and two, the opinion failed to address a key component of
Appellant's sufficiency challenge-a statutory construction analysis. The Court of Appeals'
opinion conducted no analysis in its disposition of Appellant's third and fourth grounds.

 Accordingly, we grant grounds for review one and two of Appellant's petition for
discretionary review, vacate the judgment of the Court of Appeals, and remand to that court for
reconsideration of points of error one through four of Appellant's brief in the Court of
Appeals. Appellant's remaining grounds for review are refused. 


Delivered: December 10, 2003

Do not publish