NO. 07-03-0482-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



FEBRUARY 19, 2004



______________________________




LARRY JOHNSON, TDCJ NO. 687364, APPELLANT



V.



SHERIFF OF FRANKLIN COUNTY, TEXAS;


SHERIFF OF HOPKINS COUNTY, TEXAS;


DISTRICT ATTORNEY OF HOPKINS COUNTY, TEXAS;


JUDGE OF THE 8TH DISTRICT COURT OF HOPKINS COUNTY, TEXAS;


AND TEXAS COURT OF CRIMINAL APPEALS, APPELLEES



_________________________________



FROM THE 251ST DISTRICT COURT OF RANDALL COUNTY;



NO. 52,609-C; HONORABLE PARTICK A. PIRTLE, JUDGE


 

_______________________________



Before JOHNSON, C.J., and QUINN and CAMPBELL, JJ.

MEMORANDUM OPINION


 Appellant Larry Johnson, proceeding pro se, filed a notice of appeal, received by this
court on November 13, 2003. Appellant did not pay the filing fees of $125 or submit an
affidavit of indigence pursuant to Rule 20 of the Rules of Appellate Procedure.

 On December 1, 2003, this Court received a Motion for Leave to Proceed in Forma
Pauperis and an Affidavit of Poverty from appellant. The motion was denied. 

 By letter dated January 22, 2004, the clerk of this court notified appellant that the
filing fee had not been paid, and that failure to pay it could result in dismissal. Tex. R. App.
P. 42.3(c). 

 The filing fee has not been paid. Accordingly, this appeal is dismissed. Tex. R. App.
P. 42.3.

 Per Curiam




e jury's
findings and resist intruding on the fact finder's role as the sole judge of the weight and
credibility of the evidence. Johnson v. State, 23 S.W.3d 1, 7 (Tex.Crim.App. 2000). When
considering factual sufficiency of the evidence, we must address the most important
evidence that the appellant contends undermines the jury's verdict. Sims v. State, 99
S.W.3d 600, 603 (Tex.Crim.App. 2003).

 Appellant supplied a statement to the police which was later admitted at trial. 
According to the statement, the complainant initiated their sexual relationship. In pertinent
part, appellant's statement provides:

 [The complainant] played with my penis and performed oral sex on me until
I ejaculated . . . . After a day or so, [the complainant] performed oral sex on
me again while we were in bed. [The complainant] performed oral sex on
me six or eight times before it became intercourse . . . . After a week later,
[the complainant] was performing oral sex on me . . . . Me and [the
complainant] had sexual intercourse. . . . Me and [the complainant] probably
had sexual intercourse three times. I put a final stop to this around May
2004. At the time of the sex with [the complainant] she [was] 14 years old.


 The complainant also testified at trial. She indicated her date of birth was March 18,
1990 and that her sexual relationship with appellant started in the fall of 2003 when she
was 13 years old. The complainant turned 14 in March of 2004. She stated her sexual
relationship with appellant ended by the beginning of May 2004. The complainant affirmed
that appellant penetrated her mouth with his sexual organ when she was 13 years old and
indicated it happened more than once.

 Appellant points out the jury acquitted him of an aggravated sexual assault charge
presented in count two, which alleged oral penetration of the complainant by appellant's
sexual organ occurring on or about February 15, 2004. He argues the record does not
confirm the appellant's penetration of the complainant's mouth occurred when she was 14
years old, but only when she was 13 years old. He emphasizes the complainant's
testimony that the acts of oral sex occurred when she was 13. Appellant further contends
his statement also should be read to say that all the acts of oral sex occurred before the
complainant's fourteenth birthday. We disagree with this latter contention. Considering
appellant's statement as a whole, the jury rationally could have taken appellant's statement
he "put a final stop to this around May 2004" included both the oral sex and sexual
intercourse. Further, the jury also rationally could have considered the term "sex" in the
next sentence of appellant's statement to include both acts.

 Appellant characterizes his acquittal on count two as a flat rejection by the jury of
the complainant's testimony that acts of oral sex occurred between the two while she was
13. The jury may have been uncertain whether the acts of oral sex occurred when the
complainant was 13 or 14 years of age. (1) But appellant's argument does not explain how
the acquittal on the more serious charge renders the evidence insufficient on count four,
which, recall, required the jury to find that appellant, on or about May 1, 2004, "intentionally
or knowingly cause[d] the penetration of the mouth of [complainant], a child who was then
and there younger than 17 years of age and not the spouse of defendant, by defendant's
sexual organ." (emphasis added). 

 We find that based on appellant's statement and the testimony of the victim, a
rational trier of fact could have reasonably found beyond a reasonable doubt that appellant
penetrated the mouth of the complainant with his sexual organ when she was younger than
17 years of age. Poindexter, 153 S.W.3d at 405; Zuniga, 144 S.W.3d at 484. We
therefore conclude the evidence is legally and factually sufficient to support the conviction,
overrule appellant's issues, and affirm the judgment of the trial court. 

 


 James T. Campbell

 Justice




Do not publish.
1. The jury also acquitted appellant of the charge under count one, which alleged
appellant committed aggravated sexual assault by vaginal penetration of the complainant
by appellant's sexual organ occurring on or about September 1, 2003, but found appellant
guilty of sexual assault under count three, alleging vaginal penetration of the complainant
occurring on or about April 15, 2004. Appellant concedes his statement to the police
supports the verdict of guilty on count three, and no appellate issue is raised on appeal
regarding that count.