Tucker v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-430-CR

GARY LYNN TUCKER APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 297
TH
 DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Gary Lynn Tucker appeals from his conviction for possession with intent to deliver cocaine.  In a single point, appellant contends that the evidence is factually insufficient to support his conviction because there is no credible evidence that he was ever in control of the cocaine.  We will affirm.

Officer Bobby Cox testified that, while executing a search warrant at a residence where appellant was present, he saw appellant drop two plastic baggies from his right hand.  Cox and appellant were ten to twelve feet apart, and nothing blocked Cox’s view.  Appellant then complied with Cox’s commands to get on the ground, and Cox placed appellant in custody.  During this time, Cox was less than five feet from the baggies, and he kept them constantly in view.  Once the residence had been secured, Cox asked Officer K.L. Keisler to pick up the baggies, which testing eventually revealed contained 13.91 grams of cocaine.  

Appellant contends that Cox’s testimony was not credible because:  (1) it would be more reasonable to believe that appellant dropped the contraband when he first observed the police arriving rather than after he had walked towards Cox; (2) Cox’s diagram of the incident showed that he could not have readily observed appellant’s right hand; and (3) Cox could not have seen a transparent baggie from twelve feet away.
(footnote: 2)  The jury, however, not this court, was responsible for resolving any conflicts in the evidence and drawing reasonable inferences therefrom.
(footnote: 3)
 Having considered all the evidence in a neutral light and given due deference to the jury’s determinations, we hold that it is factually sufficient
(footnote: 4) to establish that appellant was in control of the cocaine.  We overrule appellant’s point and affirm the trial court’s judgment.

PER CURIAM

PANEL F: CAYCE, C.J.; GARDNER and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: March 11, 2004

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
See Sims v. State,
 99 S.W.3d 600, 603 (Tex. Crim. App. 2003) (stating that proper factual sufficiency review must include discussion of most important evidence that supports appellant’s complaint on appeal).

3:
Jackson v. Virginia,
 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979).

4:
See Johnson v. State
, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000); 
Clewis v. State
, 922 S.W.2d 126, 129, 134 (Tex. Crim. App. 1996) (both setting out 
factual sufficiency standard of review).  Appellant mentions, but does not brief, legal insufficiency; therefore, any legal insufficiency challenge is waived.  
See
 
Tex. R. App. P.
 38.1(h); 
Pierce v. State,
 777 S.W.2d 399, 418 (Tex. Crim. App. 1989), 
cert. denied,
 496 U.S. 912 (1990).