NO. 07-04-0550-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MAY 5, 2005
_____

STEPHEN E. ESPINOZA,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2004-406,412; HON. CECIL G. PURYEAR, PRESIDING
_____

Before QUINN, REAVIS, and CAMPBELL, JJ.

Appellant, Stephen E. Espinoza, appeals his conviction for sexual assault via one issue. Through it, he contends that the evidence was legally and factually insufficient to support the jury's verdict of guilty. We affirm the judgment of the trial court.

### *Background*

On August 15, 2000, the victim and two male companions, one of whom was named Albert, went to Cici's Bar and Grill in Lubbock where they continued drinking after having already spent time at another bar. The victim became intoxicated and began to feel sick. When the party she was with opted to stay longer, she went to Albert's car and fell asleep in the back seat. Thereafter, she was awakened by appellant as he was having intercourse

with her.  She did not consent to the intercourse.  Nor was she aware of the fact that appellant was the individual who was assaulting her.

Initially, Carla thought it was Albert.  However, appellant eventually admitted, via a written statement, that he was the one who approached her as she lay in the back seat, heard her respond incoherently to his attempts at discussion, began to fondle her, lowered her pants and underwear, and inserted his penis in her vagina.  When asked, he denied that she gave him verbal consent to engage in intercourse with her.  He further admitted that she was "groggy" when he approached her in the car and that she was unconscious when he completed the act.  So too did he state that he "took advantage of her because she was too drunk."

### Standard of Review and Its Application

The standards by which we review the legal and factual sufficiency of evidence are well established.  We refer the parties to *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Sims v. State,* 99 S.W.3d 600 (Tex. Crim. App. 2003); *Zuliani v. State,* 97 S.W.3d 589 (Tex. Crim. App. 2003), and *King v. State,* 29 S.W.3d 556 (Tex. Crim. App. 2000) for an explanation of them.

Next, a person commits sexual assault if he intentionally or knowingly causes the penetration of the anus or sexual organ of another person by any means without that person's consent.  TEX. PEN. CODE ANN. §22.011(a)(1)(A) (Vernon Supp. 2004-05). Here, appellant contends that the State failed to prove that the penetration occurred without the victim's consent.  This is allegedly so because it failed to show that he knew his victim was unaware of the sexual assault as it occurred.  That the accused knows the victim is unaware of the sexual assault as it occurs is one of several ways in which the absence of

2

consent can be established. *See id.* §22.011(b)(5) (stating that a sexual assault is without consent of the other person if the other person has not consented and the actor knows the other person is unaware that the sexual assault is occurring).

The testimony upon which appellant relies to support his claim is that wherein the victim admitted to becoming aware of the assault while it progressed. Yet, that evidence is of little import when placed in context. This is so because she did not awaken and become aware of the act until appellant had already penetrated her sexual organ with his penis. *See Murphy v. State,* 4 S.W.3d 926, 929 (Tex. App.–Waco 1999, pet. ref'd) (stating that proof of penetration, however slight, is enough to support a conviction for assault). By that time, the assault had already occurred.

Simply put, what we have before us is appellant's own admission that his victim was "groggy," incoherent, and drunk when he first approached her as she lay in the back seat of the car. When we add to it 1) his concession that he took advantage of her because she was drunk and that she did not consent to the intercourse, 2) her testimony that she was actually asleep, and 3) the evidence that he had already penetrated her female sexual organ when she awoke and felt his presence inside her, a rational jury could conclude, beyond reasonable doubt, that appellant lacked consent and knew his victim was unaware of the assault when it first occurred. Moreover, the evidence supporting the verdict is neither weak nor overwhelmed by the remainder of the evidence.

In short, the verdict has the support of both legally and factually sufficient evidence. Accordingly, the judgment of the trial court is affirmed.

Brian Quinn
Justice

Do not publish.

3