Opinion issued January 12, 2006 
     









                                            
In The
Court of Appeals
For The
First District of Texas




NO. 01-04-01119-CR




CHARLES LEE SHAW, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 183rd District Court
Harris County, Texas
Trial Court Cause No. 962926




MEMORANDUM OPINION

          Appellant, Charles Lee Shaw, appeals from a judgment rendered upon a jury
conviction for the offense of possession of cocaine weighing more than one gram and
less than four grams. See Tex. Health & Safety Code Ann. § 481.112(c) (Vernon
2003). Appellant elected to have punishment determined by the court, which
assessed 25 years in prison pursuant to appellant’s agreement with the State. 
Appellant was sentenced as an habitual offender, having been previously convicted
of aggravated robbery and delivery of a controlled substance. We address (1)
whether the evidence was legally and factually sufficient to support appellant’s
conviction for possession of cocaine and (2) whether the trial court erred in failing
to grant appellant’s motion to suppress evidence seized pursuant to a traffic stop, the
subsequent arrest of appellant, and a search of his vehicle. We affirm.
Background

            While patrolling the area of FM 1960 and I-45 on September 25, 2003, Harris
County Sheriff’s Deputy Chris Ecke observed a car parked in a parking lot, after
hours, between two closed businesses. This was a high-crime, high-drug-trafficking
area, with a large population of homeless people engaged in the use and delivery of
crack cocaine. Deputy Ecke observed a male pedestrian at the driver’s side window
of appellant’s car, leaning on the door with his arms inside the car, and glancing from
side to side. The pedestrian saw Deputy Ecke and quickly left the area. Appellant
then drove the car out of the parking lot and turned onto FM 1960.
          Believing that he had observed a drug transaction, Deputy Ecke followed
appellant’s car. While traveling on FM 1960, Deputy Ecke observed appellant
commit a traffic violation by failing to use a turn signal while turning onto the service
road of I-45. However, appellant testified that he did use his turn signal when he
turned onto the service road. While continuing to follow appellant, Deputy Ecke also
noticed that the rear license plate on appellant’s car was partially obstructed, which
Deputy Ecke understood constituted a traffic violation as of September 1, 2003.
          Deputy Ecke initiated a traffic stop, and appellant complied by pulling over. 
Deputy Ecke requested appellant’s driver’s license and proof of liability insurance;
after appellant failed to produce either, Deputy Ecke asked appellant to get out of the
car. Deputy Ecke handcuffed appellant and placed him in the patrol car. When
Deputy Ecke asked appellant if he had any illegal drugs on his person, appellant
replied, “If I tell you the truth that I have a dime bag of weed, which is marijuana, will
you let me make it?” Deputy Ecke took this to mean that appellant was asking to be
turned loose for his candor in admitting his possession of marijuana. During a search
of appellant’s person, Deputy Ecke found marijuana in appellant’s sock and placed
him under arrest for possession of marijuana. Deputy Ecke then searched appellant’s
car and found a prescription pill bottle in the center console; the bottle contained 20
rocks that field-tested positive for cocaine, weighing 2.45 grams.
          Later at the station, Deputy Ecke allowed appellant to use his cell phone to call
his girlfriend. Appellant told his girlfriend where the car was being towed and said
that “they found my stuff.” When appellant was processed at the inmate processing
center downtown, appellant’s driver’s license was found during an inventory of
appellant’s wallet. 
          At trial, and without any objection by appellant, Deputy Ecke identified State’s
exhibit number 13 as appellant’s marijuana, and State’s exhibit number 14 as the pill
bottle containing the cocaine. Upon the State’s tendering these exhibits into
evidence, appellant requested a hearing on his motion to suppress outside the
presence of the jury; he objected to the admission of exhibits 13 and 14 due to lack
of reasonable suspicion and probable cause to seize the evidence. The trial court
denied the motion. Both exhibits were subsequently entered into evidence. 
          The State agreed to proceed only on the lesser-included charge of possession
of cocaine weighing one to four grams, thus dropping the intent-to-deliver allegation. 
Thereafter, the jury found appellant guilty, and the trial court assessed his punishment
as 25 years in prison. Legal Sufficiency
          In his first point of error, appellant contends that the evidence is legally
insufficient to prove that he knowingly possessed the cocaine.
          In reviewing the legal sufficiency of the evidence, we must view the evidence
in the light most favorable to the verdict to determine whether any rational trier of
fact could have found all the essential elements of the crime beyond a reasonable
doubt. Jackson v. Virginia, 443 U.S. 307, 318, 99 S. Ct. 2781, 2788, 2789 (1979). 
The appellate court should not substitute its own judgment for that of the fact finder. 
Jones v. State, 944 S.W.2d 642, 648 (Tex. Crim. App. 1996).
          A person commits an offense if he knowingly or intentionally possesses
cocaine. Tex. Health & Safety Code Ann. § 481.115(a) (Vernon 2003). 
Possession means actual care, custody, control, or management. Id. § 481.002(38)
(Vernon 2003). Accordingly, to convict an accused of possession of cocaine, the
State must prove that (1) the accused exercised care, custody, control, or management
over the cocaine and (2) he knew that what he possessed was cocaine. See Hyett v.
State, 58 S.W.3d 826, 830 (Tex. App.—Houston [14th Dist.] 2001, pet. denied).
          On appeal, appellant argues that the evidence was legally insufficient to
support his conviction because there was no evidence that he exercised actual care,
custody, control, or management over the cocaine and that he knew that the object
that he possessed was cocaine. See id. Appellant contends that the vehicle that he
was driving was not his, that others drove the vehicle, and that he was unaware of the
presence of the pill bottle containing cocaine located by Deputy Ecke in the closed
center console.
 
          Facts and circumstances may affirmatively link an accused to contraband. See
Stroman v. State, 69 S.W.3d 325, 328 (Tex. App.—Texarkana 2002, pet. ref’d). 
Some factors that may be considered include, among other things, (1) whether the
defendant was present when the search was conducted, (2) whether the contraband
was near and accessible to the defendant, (3) whether the defendant was in possession
of other contraband when arrested, (4) whether the defendant made incriminating
statements when arrested, and (5) whether other contraband or drug paraphernalia
was present. Id.
          At trial, the jury could have found that affirmative links existed between
appellant and the cocaine in that he was the only person in the car; he was in close
proximity and had access to the cocaine found in the center console of his car; he was
in possession of other contraband (marijuana) when arrested; he was engaged in
activity that an experienced peace officer believed to be a drug deal after which 20
rocks of cocaine were found in the console of his car; and appellant told his girlfriend
that “they found my stuff.” Considering the evidence in the light most favorable to
the verdict, a rational trier of fact could have found beyond a reasonable doubt that
appellant was affirmatively linked to the cocaine and, therefore, that he knowingly
possessed the cocaine found in his car. Therefore, we overrule appellant’s first point
of error.
Factual Sufficiency
          In his second point of error, appellant contends that the evidence is factually
insufficient to prove that he knowingly possessed cocaine.
          To conduct a factual-sufficiency review, we determine whether a neutral
review of all of the evidence, both for and against the finding, shows that the proof
of guilt of the defendant is so obviously weak as to undermine the confidence in the
jury’s determination of guilt, or that the State’s evidence, even if adequate in itself,
is greatly outweighed by contrary proof. Johnson v. State, 23 S.W.3d 1, 11 (Tex.
Crim. App. 2000). The factual-sufficiency standard “acknowledges that evidence of
guilt can ‘preponderate’ in favor of conviction but still be insufficient to prove the
elements of the crime beyond a reasonable doubt.” Zuniga v. State, 144 S.W.3d 477,
485 (Tex. Crim. App. 2004). The appellate court should not substitute its own
judgment for that of the fact finder. Jones, 944 S.W.2d at 648. In our review, we
must consider the most important evidence that the appellant claims undermines the
jury’s verdict. See Sims v. State, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003). The
fact finder is entitled to believe all, some, or none of any witness’s testimony. Sharp
v. State, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986).
          We review all of the evidence at trial in a neutral light. In addition to the
State’s evidence analyzed above, appellant offered the testimony of a witness,
Shenneque Thomas, who was the daughter of appellant’s girlfriend, Rose Matlock. 
Thomas had a history of convictions of crimes for moral turpitude, including theft and
credit card abuse, evidence of which was admitted during her trial testimony. 
Thomas testified that the car that appellant had been driving was her mother’s and
that other persons had driven the car, including “Tiny,” a known crack cocaine user. 
Matlock, the alleged owner of the car, did not testify.
          Notwithstanding appellant’s offer of contrary facts, the evidence supporting the
jury’s implicit determination that appellant was linked to the cocaine found in the car
that he was driving was not so obviously weak as to undermine the confidence in the
verdict. Neither was the State’s evidence so greatly outweighed by contrary proof as
to render the verdict unjust. Accordingly, we overrule appellant’s second point of
error. 
Motion to Suppress
          In his third and fourth points of error, appellant argues that the trial court erred
in failing to grant his motion to suppress evidence due to the unlawful traffic stop,
arrest, and subsequent search of appellant and his car. Appellant argues that the
traffic stop was not justified, so that all evidence seized thereafter, and any testimony
regarding events thereafter, should have been suppressed.
 
            The State argues that appellant has changed his complaint on appeal. The State
claims that appellant conceded at trial that the stop was lawful, but contended that 
Deputy Ecke had exceeded the scope of the traffic stop by not having given appellant
a ticket for the traffic and other offenses and then having allowed appellant to go on
his way. The record supports the State’s argument. It shows that appellant not only
conceded that the stop was justified at its inception, but that Deputy Ecke had a right
to ask whether appellant had insurance and to arrest him if he did not. Appellant’s
argument at trial was instead that Deputy Ecke could not arrest him for the traffic
offenses and lack of insurance and search him pursuant to that arrest. We hold that
appellant has waived his appellate suppression challenges. See Tex. R. App. P. 33.1.
          Even if appellant had preserved his appellate suppression challenges, we would
overrule them. A trial court’s ruling on a motion to suppress evidence will not be set
aside unless there is an abuse of discretion. Villarreal v. State, 935 S.W.2d 134, 138
(Tex. Crim. App. 1996); Taylor v. State, 945 S.W.2d 295, 297 (Tex. App.—Houston
[1st Dist.] 1997, pet. ref’d). In reviewing a trial court’s ruling on a motion to
suppress, we apply a bifurcated standard, giving almost total deference to the trial
court’s determination of historical facts supported by the record and reviewing de
novo the trial court’s application of the law of search and seizure. Carmouche v.
State, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000). At the suppression hearing, the
trial court is the sole judge of the weight and credibility of the evidence. Jaggers v.
State, 125 S.W.3d 661, 666 (Tex. App.—Houston [1st Dist.] 2003, pet. ref’d).
          According to Texas Transportation Code section 543.004(a)(1), an officer is
required to issue a written notice to appear only when the offense charged is for
speeding or for violating the open-container law. Tex. Transp. Code Ann. §
543.004(a)(1) (Vernon Supp. 2005). Otherwise, arrest is at the officer’s discretion. 
Atwater v. City of Lago Vista, 532 U.S. 318, 354, 121 S. Ct. 1536, 1557 (2001). “A
peace officer may arrest an offender without a warrant for any offense committed in
his presence or within his view.” Tex. Code Crim. Proc. Ann. art. 14.01(b) (Vernon
2005). Thus, we hold that the trial court did not err if it implicitly concluded that
Deputy Ecke was justified in arresting appellant for traffic offenses and failure to
show proof of insurance. Under New York v. Belton, an officer may lawfully search
both the motorist’s vehicle and his person incident to the motorist’s arrest. 453 U.S.
454, 460-61, 101 S. Ct. 2860, 2864 (1981). For this reason, too, the trial court did not
err in denying appellant’s motion to suppress evidence recovered pursuant to
appellant’s lawful arrest.
          Because both appellant’s arrest and the search of appellant’s vehicle and person
were lawful, we overrule appellant’s third and fourth points of error.
 
Conclusion
We affirm the judgment of the trial court.
 
                                                                        Tim Taft
                                                                        Justice
 
Panel consists of Justices Taft, Keyes, and Hanks.
 
Do not publish. See Tex. R. App. P. 47.2(b).