NO. 07-05-0016-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JANUARY 17, 2006

_____

PAUL OCHOA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 286TH DISTRICT COURT OF HOCKLEY COUNTY;

NO. 03-09-5599; HONORABLE HAROLD PHELAN, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant, Paul Ochoa, appeals his conviction for murder.  We affirm.

Background

In September 2003, appellant and others were loitering outside a trailer home in Levelland, Texas when the victim's brother, Jerry Gonzales, went by in a vehicle.  As he passed, Jerry offended appellant by shouting out the name of a local gang, "Westside."  Later that evening, Jerry walked up to the group to visit with them and learned that

appellant was upset with his earlier actions. Appellant took Jerry aside, spoke with him, and then began to assault him. When Jerry's friend, David Jaramillo, saw Jerry being assaulted he left to notify the victim, Martin Gonzales, of the assault. By the time Gonzales arrived at the scene, Jerry had been led to his father's home by two other friends. However, Gonzales and an associate still sought to confront Jerry's assailant and began calling out to the group in general to fight him. Gonzales's challenge caused several members of the group to run toward Gonzales and his associate. While Gonzales's associate escaped, Gonzales stayed and fought with Chris Viernes and appellant. In the end, Gonzales suffered 29 stab wounds and died at the scene. Appellant was charged with murder.

During a pretrial hearing, the State requested that a child witness be allowed to testify via closed circuit television. Appellant objected to the State's request, stating that he believed that allowing a witness to testify in a manner other than in-court violated his constitutional rights to confront and cross-examine the State's witness. The trial court granted the State's motion and ruled that the child witness would be allowed to testify by closed circuit TV during the trial.

At trial, eyewitnesses testified that appellant fought with Gonzales and that appellant had to be forcibly removed from the altercation. Although the testimony agrees that appellant hit Gonzales with his hands, none of the eyewitnesses, except the child and Viernes, testified to seeing appellant with a knife or seeing appellant stab Gonzales. The child testified via closed circuit TV to seeing the assault on Gonzales from the trailer home and that he saw appellant stab Gonzales. However, upon cross examination, the child

2

admitted that he was unsure of the identity of Gonzales's assailant and that his testimony was largely based on other eyewitnesses' versions of the assault. Viernes testified that he did assault Gonzales and admitted stabbing him, however, he further testified that appellant also stabbed Gonzales. A pathologist testified that several of the stab wounds were potentially fatal wounds, and that Gonzales died as a result of bleeding from the wounds. The jury returned a guilty verdict and sentenced appellant to 40 years incarceration in the Institutional Division of the Texas Department of Criminal Justice.

Appellant presents two issues. Appellant contends that the evidence is factually insufficient to support the conviction. Second, appellant contends the trial court erred in allowing closed circuit testimony of a witness instead of live, in-court testimony. We affirm.

Issue One: Factual Sufficiency

When an appellant challenges the factual sufficiency of his conviction, the reviewing court must ultimately determine whether, considering all the evidence in a neutral light, the jury was rationally justified in finding defendant guilty beyond a reasonable doubt. See Zuniga v. State, 144 S.W.3d 477, 484 (Tex.Crim.App. 2004). While we review the evidence in a neutral light, we must give appropriate deference to the jury's evaluation of the evidence, resolution of any inconsistencies, and determination of the evidence's weight and value. See Johnson v. State, 23 S.W.3d 1, 8 (Tex.Crim.App. 2000). We are not allowed to substitute our judgment for that of the jury unless the verdict is clearly wrong and manifestly unjust. See Zuniga, 144 S.W.3d at 481-82. In a factual sufficiency review, the court of appeals is required to consider the most important evidence that the appellant

3

claims undermines the jury's verdict. <u>Sims v. State</u>, 99 S.W.3d 600, 603 (Tex.Crim.App. 2003).

In the present case, appellant contends that a conspiracy of the witnesses resulted in the testimony identifying him as Gonzales's murderer. All of the State's eyewitnesses placed appellant at the scene of the crime. Further, substantial testimony revealed that appellant had severely beaten up Gonzales's brother, and had fought with Gonzales that evening. Testimony of Charlie Corpus, Michael Padilla, LaToya Sainz, Viernes, and the child all place appellant over Gonzales swinging at him. Additionally, Sainz described appellant's movements against Gonzales as a "stabbing motion." Finally, Viernes described stabbing Gonzales twice and then handing the knife to appellant who proceeded to stab Gonzales numerous times. Appellant claims that none of the testimony is credible because of the witnesses' past convictions and self-serving nature. However, neither the child nor Sainz were shown to have been previously convicted, or in jeopardy of being charged in the present case. Thus, appellant's challenge to the credibility of witnesses with prior convictions does not apply to either Sainz or the child. A review of the testimony reveals that, although the eyewitnesses' testimony varied about the events surrounding the murder, the jury had sufficient evidence to reach the conclusion that appellant was guilty of murder beyond a reasonable doubt. Therefore, we will not second guess the jury's evaluation of the evidence. <u>See</u> <u>Johnson</u>, 23 S.W.3d at 8.

Additionally, appellant contends that Viernes's testimony is not credible because he only implicated appellant in order to fulfill the requirements of a plea agreement. However, a review of the record does not reveal any evidence that Viernes was required to implicate

4

appellant per any plea agreement. Viernes testified that he pled guilty to avoid a trial, to take responsibility for his actions, and to assist the State because the knives used in the assault could not be found. Although appellant's trial counsel tried to get Viernes to admit during cross examination that the State required him to implicate appellant as part of a plea agreement, Viernes steadfastly denied such a requirement to the plea agreement. Appellant has failed to provide any support or citation to the record to support his allegation. See Tex. R. App. P. 38.1(h). Therefore, after considering all of the evidence in a neutral light, including the evidence that appellant believes undermines the jury's verdict, we conclude the jury was rationally justified in finding defendant guilty beyond a reasonable doubt. We overrule appellant's first issue.

### Issue Two: Testimony of a child who is a victim of an offense

On appeal, appellant concedes that the court had the authority to allow the child to testify via closed circuit TV pursuant to Texas Code of Criminal Procedure article 38.071, but appellant contends the trial court erred by not following the prerequisites of the statute. See Tex. Code Crim. Proc. art. 38.071 (Vernon 2005).[1] Specifically, appellant contends that since identity was contested, once the court determined the testimony admissible, the child was required to make an in-person identification either at a hearing prior to trial or during the trial proceedings. Art. 38.071 § 9. The State counters that the child's testimony did not raise or contest identity and thus did not trigger the in-person identification requirement of article 38.071, section 9 of the Texas Code of Criminal Procedure.

---

[1] Further reference to the Texas Code of Criminal Procedure will be by reference to "Art. __" or "art. __."

5

At trial, appellant's objection was that the statutory provision itself was unconstitutional because it violated appellant's rights to confrontation and cross-examination of the State's witnesses. Yet on appeal, appellant is contesting the trial court's application of article 38.071 rather than the constitutionality of the statute. In order to properly present an issue for appeal, appellant's objection at trial must comport with the issue raised on appeal. Broxton v. State, 909 S.W.2d 912, 918 (Tex.Crim.App. 1995). Assuming without deciding that appellant is correct in his contention that the trial court erred in the application of the in-person identification requirement of article 38.071, appellant was required to preserve the issue by objection at trial or else waive the issue. Id. Since appellant did not object at trial to the lack of in-person identification in compliance with article 38.071, appellant presents nothing for our review.

Conclusion

Finding no reversible error, we affirm.

Mackey K. Hancock
Justice

Do not publish.

6