NUMBER 13-05-00007-CR

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI B EDINBURG

                                                                                                                       


ARON GARZA VEGA,                                                                       Appellant,

 

                                                             v.

 

THE STATE OF TEXAS,                                                                    Appellee.

                                                                                                                       


    On appeal from the 92nd District Court of Hidalgo County,
Texas.

                                                                    
                                                   

                         DISSENTING OPINION

 

                Before Justices Hinojosa, Yañez,
and Castillo

                            Dissenting
Opinion by Justice Hinojosa

 

I respectfully dissent because I disagree with the
majority=s holding that the evidence is factually
insufficient to support the jury=s finding that appellant, Aron Garza Vega, is guilty
of the offense of capital murder.








In a factual sufficiency review, we review all the
evidence in a neutral light and determine whether evidence supporting the
verdict is too weak to support the finding of guilt beyond a reasonable doubt
or if evidence contrary to the verdict is strong enough that the beyond‑a‑reasonable‑doubt
standard could not have been met.  Threadgill
v. State, 146 S.W.3d 654, 664 (Tex. Crim. App. 2004).  Our neutral review of all the evidence, both
for and against the challenged elements, looks to determine whether proof of
guilt is so obviously weak as to undermine confidence in the jury's
determination, or whether proof of guilt, although adequate if taken alone, is
greatly outweighed by contrary proof.  See
Zuniga v. State, 144 S.W.3d 477, 484‑85 (Tex. Crim. App. 2004).  A proper factual sufficiency review must
consider the most important evidence that the appellant claims undermines the
jury's verdict.  Sims v. State, 99
S.W.3d 600, 603 (Tex. Crim. App. 2003). 
However, we approach a factual sufficiency review with appropriate
deference to avoid substituting our judgment for that of the fact finder.  Johnson v. State, 23 S.W.3d 1, 6‑7
(Tex. Crim. App. 2000).  Every fact need
not point directly and independently to the accused's guilt.  Vanderbilt v. State, 629 S.W.2d 709,
716 (Tex. Crim. App. 1981).  A conclusion
of guilt can rest on the combined and cumulative force of all the incriminating
circumstances.  Id.

The majority correctly states that the State had the
burden of producing evidence showing that appellant acted as a party or
principal in the murder while in the course of committing robbery.  The majority holds the evidence is factually
insufficient to establish culpability as a party under section 7.02(a)(2) of
the penal code.  See Tex. Pen. Code Ann.
' 7.02(a)(2) (Vernon 2003).








However, the jury was also instructed that it could
find appellant guilty of capital murder as a co-conspirator under section
7.02(b) of the penal code, and
the majority=s opinion fails to address the factual
sufficiency of the evidence under section 7.02(b).  Section 7.02(b) of the Texas Penal Code
provides:

If, in the attempt to carry out a conspiracy
to commit one felony, another felony is committed by one of the conspirators,
all conspirators are guilty of the felony actually committed, though having no
intent to commit it, if the offense was committed in furtherance of the
unlawful purpose and was one that should have been anticipated as a result of
the carrying out the conspiracy.

 

Tex.
Pen. Code Ann. ' 7.02(b) (Vernon 2003).

Appellant
contends the evidence is factually insufficient under section 7.02(b) because
(1) the conspiracy to rob never contemplated murder, (2) appellant was not
present at the scene of the shooting, and (3) the spontaneity of the killing
outweighs any evidence of guilt.








Section 7.02(b) does not require that the
State prove a defendant contemplated or intended the victim=s murder. 
In fact, 7.02(b) specifically states that intent is not required.  Furthermore, a defendant need not have been
physically present in order to be held responsible as a party under section
7.02(b).  See Longoria v. State,
154 S.W.3d 747, 755 n.6 (Tex. App.BHouston [14th Dist.] 2004, pet. ref=d) (affirming capital murder conviction
under section 7.02(b) where defendant conspired to commit robbery that resulted
in the murder of a deputy, but defendant was not present at the scene of the
murder).  Finally, it should be
anticipated that a murder would occur where evidence shows the defendant is
aware that cohorts in a planned robbery are armed with guns.  See id. at 756-57 n.7 (fact
that defendant supplied handgun to be used in robbery was evidence that murder
should have been anticipated as result of robbery);  Williams v. State, 974 S.W.2d 324, 330
(Tex. App.BSan Antonio 1998, pet. ref=d) (defendant should have anticipated murder
that occurred during robbery where he knew co-conspirator had gun). 

The evidence shows that appellant
participated in a conspiracy to rob the victim, and in the attempt to carry out
that robbery, a murder was committed. 
Because appellant knew that firearms were being used to facilitate the
robbery, he should have anticipated that a murder was possible.  See Longoria, 154 S.W.3d at 756-57
n.7; Williams, 974 S.W.2d at 330. 
I conclude that proof of appellant=s guilt is not so obviously weak as to
undermine confidence in the jury's determination or greatly outweighed by
contrary proof.  Therefore, I would hold
the evidence is factually sufficient under
section 7.02(b) of the penal code
to support the jury=s finding that appellant is guilty of the
offense of capital murder, and I would address appellant=s remaining issues.  For these reasons, I respectfully dissent.

 

FEDERICO G. HINOJOSA

Justice

 

Publish.  See Tex.
R. App. P. 47.2(b).

 

Dissenting
Opinion delivered and filed this

the
27th day of July, 2006.