NO. 07-05-0192-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



OCTOBER 19, 2006


 ______________________________



ANTONIO CORONADO, JR., APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2003-404022; HONORABLE BRADLEY S. UNDERWOOD, JUDGE


_______________________________




Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

MEMORANDUM OPINION


 Appellant, Antonio Coronado appeals his conviction for the offense of murder
contending that the trial court erred in denying his request for a directed verdict based on 
insufficient evidence. We affirm.

Background 

 On September 20, 2004, appellant was attending some parties and decided to
obtain additional beer by "making a beer run." Appellant, along with Sylvester Garcia and
Timothy Garcia, decided to go to the home of Frank Ramirez, Jr., whom appellant knew
sold beer from his home. Upon arriving at Ramirez's home, appellant and Sylvester
knocked on the door and entered the residence. Within a short period of time, witnesses
heard several shots coming from the residence and saw appellant and Sylvester running
out of the residence. Ramirez chased appellant and Sylvester firing a gun. Timothy, who
had waited in the vehicle, picked up appellant and Sylvester and drove away from the
residence. After appellant's group left the scene, Ramirez's family found Ramirez lying
on the porch bleeding. Ramirez later died from two gunshot wounds. Appellant, Sylvester,
and Timothy were all charged with the murder of Ramirez.

 Sylvester, who pled guilty to the murder of Ramirez, testified at appellant's trial that
he was the person that fired the gun that killed Ramirez. Timothy and appellant both
testified that they were unaware of Sylvester having a gun, or of any plan to rob Ramirez. 
Other witnesses testified that appellant ran away from the scene, cursed at potential
witnesses at a nearby club who observed the men fleeing, and misled officers during the
subsequent investigation. The jury found appellant guilty of murder and the trial court
sentenced appellant to 30 years incarceration in the Institutional Division of the Texas
Department of Criminal Justice.

 Appellant raises two issues on appeal contending that the trial court should have
entered a directed verdict in favor of appellant based on legally and factually insufficient
evidence. 


Law and Analysis


 The standard of review applicable to the denial of a motion for directed verdict is the
same as that applied in reviewing a challenge to the sufficiency of the evidence. Williams
v. State, 937 S.W.2d 479, 482 (Tex.Crim.App. 1996); Madden v. State, 799 S.W.2d 683,
686 (Tex.Crim.App. 1990) (challenge to the trial judge's ruling on a motion for an instructed
verdict is a challenge to the sufficiency of the evidence). When reviewing challenges to
both the legal and factual sufficiency of the evidence to support the verdict, we first review
the legal sufficiency challenge. See Clewis v. State, 922 S.W.2d 126, 133 (Tex.Crim.App.
1996). If the evidence is legally sufficient to support the verdict, we then review the factual
sufficiency challenge, if one is properly raised. See id. 

 In reviewing the legal sufficiency of the evidence, we review all the evidence in the
light most favorable to the verdict to determine whether any rational trier of fact could have
found the essential elements of the offense beyond a reasonable doubt. Jackson v.
Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560, 573 (1979); Ross v. State, 133
S.W.3d 618, 620 (Tex.Crim.App. 2004). The jury is the sole judge of the weight and
credibility of the evidence. Jackson, 443 U.S. at 319. 

 To prove the offense of murder, the State must prove that an accused intentionally
or knowingly caused the death of an individual. Tex. Pen. Code Ann. § 19.02(b) (Vernon
2003). A person may be convicted as a party to an offense if he commits the offense by
his own conduct or by the conduct of another for whom he is criminally responsible. Tex.
Pen. Code Ann. § 7.01(a) (Vernon 2003). A person is criminally responsible for the acts
of another if, while in an attempt to carry out a conspiracy to commit one felony, another
felony is committed by one of the conspirators, even though the accused had no intent to
commit the felony actually committed, so long as it was one that should have been
anticipated as a result of the carrying out of the conspiracy. See Tex. Pen. Code Ann. §
7.02(b) (Vernon 2003). 

 In addition to the evidence noted above, Sylvester admitted that he attempted to buy
"dope" from Ramirez, that appellant knew that Sylvester was going to buy dope from
Ramirez, and that appellant helped Sylvester set up the dope deal. Further, Sylvester
admitted that, but for appellant, he would not have known to contact Ramirez to buy dope. 
Considering that appellant assisted Sylvester in a drug transaction, ran away during the
shooting, and misled police after the shooting, the jury had evidence, when viewed in light
most favorable to the verdict, of appellant's participation in a felony that led to the murder. 
We conclude that a rational jury could have found the essential elements of the offense
of murder beyond a reasonable doubt by concluding that appellant was assisting Sylvester
in the commission of a felony, namely possession of a controlled substance, when Ramirez
was shot by Sylvester. See Hernandez v. State, 198 S.W.3d 257, 261 (Tex.App.-San
Antonio 2006, pet. ref'd) (the fact finder may examine the events occurring before, during,
and after the commission of the offense to determine an accused's participation as a
party). A rational jury could also have found that murder can be reasonably anticipated
during a drug deal. Therefore, the trial court did not err in denying appellant's request for
a directed verdict based on the legal sufficiency of the evidence. We overrule appellant's
first issue.

 When an appellant challenges the factual sufficiency of the evidence supporting his
conviction, the reviewing court must determine whether, considering all the evidence in a
neutral light, the jury was rationally justified in finding defendant guilty beyond a reasonable
doubt. See Watson v. State, No. PD-469-05, 2006 Tex. Crim. App. LEXIS 2040, at *32-33
(Tex.Crim.App. Oct. 18, 2006). In performing a factual sufficiency review, we are to give
deference to the fact finder's determinations and not seek to order a new trial simply
because we may disagree with the verdict. See id. at *30. As an appellate court, we are
not justified in ordering a new trial unless there is some objective basis in the record
demonstrating that the great weight and preponderance of the evidence contradicts the
jury's verdict. See id. at *39. An opinion addressing factual sufficiency must include a
discussion of the most important and relevant evidence that appellant claims undermines
the jury's verdict. Sims v. State, 99 S.W.3d 600, 603 (Tex.Crim.App. 2003).

 Appellant directs this court's attention to the fact that Sylvester confessed and pled
to the murder of Ramirez. Appellant also points to his testimony, as well as Sylvester's,
that appellant did not know that Sylvester had a gun or that Sylvester planned to rob
Ramirez. However, Sylvester further testified that his intent in going to Ramirez's home
was to purchase drugs and that appellant participated is setting up the drug deal. 
Witnesses testified to actions by appellant that the jury could have concluded were
consistent with a culpable party such as running away from the scene and lying to police
officers about the identity of the co-defendants. Even if the jury believed that appellant was
unaware of the gun or Sylvester's intention of using the gun, a rational jury could have
concluded that appellant, as a party, should have reasonably anticipated the possibility of
violence during a drug deal. See Hernandez, 198 S.W.3d at 261.

 Recalling that we must defer to the jury's determination on fact issues, we conclude
that the great weight and preponderance of the evidence does not contradict the jury's
verdict. See Watson, 2006 Tex. Crim. App. LEXIS 2040, at *39. Therefore, we conclude
that the jury was rationally justified in finding defendant guilty beyond a reasonable doubt. 
The trial court did not err in denying appellant's request for a directed verdict based on the
factual sufficiency of the evidence. We overrule appellant's second issue.

Conclusion


 For the foregoing reasons, we affirm the trial court's judgment. 


 Mackey K. Hancock

 Justice





Do not publish.