NO. 07-08-0074-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MAY 16, 2008
______________________________

ANTHONY DAVID DRAGER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_________________________________

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 57,042-E; HONORABLE ABE LOPEZ, JUDGE
_______________________________


Before CAMPBELL and HANCOCK and PIRTLE, JJ.
ORDER OF ABATEMENT AND REMAND
Â Â Â Â Â Â Â Â Â Â Appellant, Anthony David Drager, has timely given notice of appeal from a
conviction and sentence in the 108th District Court of Potter County, Texas (the trial court),
for the offense of engaging in organized criminal activity. The reporterâs record and trial
court clerk's record were due to be filed no later than May 8, 2008. The clerk of this court
is in receipt of a request for extension from the trial court clerk dated May 7, 2008, which
advises appellant has not paid or made arrangements for payment of the record. 
Additionally, the trial court clerk advised us that no attorney had been appointed on the
appeal. Accordingly, this appeal is abated and the cause is remanded to the trial court. 
Tex. R. App. P. 37.3(a)(2). 
Â Â Â Â Â Â Â Â Â Â Upon remand, the trial court shall immediately cause notice of a hearing to be given,
if necessary, and, thereafter conduct a hearing to determine the following:
Â Â Â Â Â Â Â Â Â Â 1.Â Â Â Â Â Â Â whether appellant desires to prosecute the appeal, and if so,
Â Â Â Â Â Â Â Â Â Â 2.Â Â Â Â Â Â Â (a)Â Â Â Â Â Â whether appellant's trial counsel of record
continues to represent him and what steps need
to be taken to ensure a diligent pursuit of the
appeal; or
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â (b)Â Â Â Â Â Â whether trial counsel for appellant has
abandoned the appeal;
Â Â Â Â Â Â Â Â Â Â 3.Â Â Â Â Â Â Â whether appellant has been deprived of a clerk's record
because of ineffective assistance of counsel or for any other
reason;
Â Â Â Â Â Â Â Â Â Â 4.Â Â Â Â Â Â Â if appellant desires to prosecute this appeal, whether appellant
is indigent and entitled to appointed counsel;
Â 
Â Â Â Â Â Â Â Â Â Â If the trial court determines that appellant does want to continue the appeal and is
indigent, then the trial court shall also take such measures as may be necessary to assure
appellant effective assistance of counsel, including the appointment of new counsel if
necessary. The trial court should cause the clerk of this court to be furnished the name,
address, and State Bar of Texas identification number of the newly-appointed or the newly-retained attorney. Finally, the trial court shall execute findings of fact, conclusions of law,
and such orders as the court may enter regarding the aforementioned issues and cause
its findings and conclusions to be included in a supplemental clerk's record. A
supplemental record of the hearing shall also be included in the appellate record. Finally,
the trial court shall file the supplemental clerk's record and the supplemental reporter's
record with the Clerk of this Court by June 16, 2008.
Â Â Â Â Â Â Â Â Â Â It is so ordered.
 Per Curiam
Do not publish.



g a motor vehicle in a public
place. Tex. Pen. Code Ann. § 49.04(a) (Vernon 2003). For purposes of the present case,
intoxication is defined as "not having the normal use of mental or physical faculties by
reason of the introduction of alcohol, a controlled substance, a drug, a dangerous drug, a
combination of two or more of those substances, or any other substance into the body." 
Tex. Pen. Code Ann. Â§ 49.01(2)(A) (Vernon 2003). 

 Appellant's legal sufficiency issue challenges the evidence of appellant's
intoxication. One witness testified that she saw a silver vehicle traveling south on
University on June 12, 2004. She testified that the driver of this vehicle appeared to fall
asleep and that, when he awoke, he drove erratically, swerving across the road and
bouncing off of curbs. Based on her observations, she believed that the driver of the
vehicle was drunk. Another witness saw a silver, boxy, older-model vehicle traveling south
on University on June 12. This witness followed the vehicle, got a good look at the driver,
and was able to identify appellant as the driver of that vehicle. The witness testified that
appellant drove fast and erratically and that he had several near-collisions. Finally,
Corporal Rohlik testified that he saw appellant walking away from a silver vehicle that
matched the description of the vehicle that had been reported as being involved in a
suspected driving while intoxicated offense. When Rohlik attempted to talk to appellant,
appellant fled. When appellant was apprehended, Rohlik testified that he smelled alcohol
on appellant's breath. Rohlik also testified that appellant had a stereo face plate in his
possession that matched a stereo in the silver vehicle that Rohlik had seen appellant
walking away from. Rohlik also testified that he observed appellant exhibit poor balance
and coordination and concluded that appellant had lost the normal use of his mental and
physical faculties because of the use of alcohol. Further, the Preconfinement Order and
other records established that appellant admitted that he had been drinking on June 12
and that he believed that he was intoxicated. Viewing this evidence in the light most
favorable to the verdict, we conclude that there was sufficient evidence for a reasonable
jury to conclude that appellant was intoxicated beyond a reasonable doubt. (2) We overrule
appellant's legal sufficiency issue.

 Having determined that the evidence was legally sufficient to support appellant's
conviction, we now turn to the factual sufficiency of the evidence. When an appellant
challenges the factual sufficiency of the evidence supporting his conviction, the reviewing
court must determine whether, considering all the evidence in a neutral light, the jury was
rationally justified in finding the appellant guilty beyond a reasonable doubt. See Watson
v. State, 204 S.W.3d 404, 415 (Tex.Crim.App. 2006). In performing a factual sufficiency
review, we must give deference to the fact finder's determinations if supported by evidence
and may not order a new trial simply because we may disagree with the verdict. See id.
at 417. As an appellate court, we are not justified in ordering a new trial unless there is
some objective basis in the record demonstrating that the great weight and preponderance
of the evidence contradicts the jury's verdict. See id. Additionally, an appellate opinion
addressing factual sufficiency must include a discussion of the most important evidence
that appellant claims undermines the jury's verdict. Sims v. State, 99 S.W.3d 600, 603
(Tex.Crim.App. 2003).

 By his factual sufficiency issue, appellant again challenges only the jury's necessary
finding that appellant was intoxicated. Appellant identifies evidence establishing that he
suffered from high blood pressure and diabetes that, when not promptly medicated, can
result in symptoms that leave the appearance that appellant is intoxicated. Considering
this evidence in a neutral light, the jury could have concluded that appellant was suffering
from diabetic symptoms rather than intoxication on June 12 . However, the jury heard the
testimony of two eyewitnesses about appellant's erratic driving and could reasonably infer
from this testimony that appellant had lost the normal use of his mental and physical
faculties. Additionally, the jury heard evidence that appellant had alcohol on his breath,
admitted that he had drunk alcohol on June 12, and characterized himself as having been
intoxicated. Considering all of this evidence in a neutral light, we cannot say that the
evidence supporting the verdict was so weak or that the contrary evidence was so strong
that a rational jury could not have determined that appellant committed the offense of
driving while intoxicated beyond a reasonable doubt. We overrule appellant's factual
sufficiency issue.

Conclusion

 Having overruled each of appellant's issues, we affirm the trial court's judgment.


 Mackey K. Hancock

 Justice



Publish.


1. For example, appellant's plea was probative of whether he had consumed alcohol
on the night in question.
2. Appellant does not challenge the "operating a motor vehicle" or the "in a public
place" elements of the offense. However, for the sake of completeness, we conclude that
there was sufficient evidence to allow a reasonable jury to have found each of these
elements beyond a reasonable doubt.