NO.
12-04-00347-CR

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

 

KALVIN
DEWAYNE HARRIS,       §          APPEAL FROM THE 241ST

APPELLANT

 

V.        §          JUDICIAL
DISTRICT COURT OF

 

THE
STATE OF TEXAS,    

APPELLEE   §          SMITH COUNTY, TEXAS 

 

 



MEMORANDUM OPINION

            Kalvin Dewayne
Harris appeals his conviction for possession of a controlled substance.  In two issues, he contends that the evidence
is legally and factually insufficient to support his conviction and that there
is an error in the judgment.  We modify
the judgment and affirm as modified.  

 

Background

            On March 23, 2004, Deputy Constable
Mark Waters stopped a Lincoln Navigator on Interstate 20 in Smith County, Texas
for driving in the passing lane unnecessarily and for having a video screen
visible to the driver.  The driver was
Augustine Rodriguez.  Appellant was in
the front passenger seat.  Neither man
owned the vehicle, and they both panicked when they were unable to produce an
insurance card.  Waters thought the
reaction was disproportionate to the request for an insurance card and told the
two men that they could find the card later. 
When it was found, the insurance card revealed that the Navigator was
owned by two different women.[1] 








            Appellant became even more nervous
when Waters asked him for his social security number.  Other officers arrived, and the men were
separated and asked about their travel plans. 
Appellant first told officers that he was going to Tyler to look at a
car.  The story evolved, and later he
said that he was going to Tyler to look at a “dirt bike,” a motorcycle.  The driver, by contrast, told officers that
the men were going to Shreveport, Louisiana to visit a casino.  








            The driver refused permission to
search the vehicle, and the police brought a dog trained to detect illegal
narcotics to investigate.  The dog
indicated that there were illegal narcotics in the Navigator, and the police
searched the vehicle.  During the search,
the officers found five cellular telephones as well as a small amount of what
they believed to be marijuana on the floor of the driver’s side and a large
quantity of plastic sandwich bags.  In
the back, they found a kilogram of cocaine wrapped in plastic in a compact disc
player box.    

            Appellant was charged by indictment
with possession of four hundred grams or more of cocaine, a first degree
felony.  Appellant pleaded “not guilty,”
and the matter proceeded to trial.  At
trial, Charles Garrett, a sergeant with the narcotics division of the Texas
Department of Public Safety, testified that Interstate 20 is a conduit for
illegal narcotics from Dallas to points east. 
Deputy Constable Waters, who had been trained in highway drug
interdiction and worked full time on traffic enforcement on Interstate 20,
testified that those involved in the transport of illegal narcotics often have
multiple cellular telephones in their possession and generally work with
another person.  Garrett testified that
the value of a kilogram of cocaine was between the $16,000 it might be expected
to bring in a “hub city” like Dallas and the $130,000 it might be expected to
bring if processed into crack cocaine and sold in smaller quantities.  Waters also testified that the small plastic
bags are the kind that cocaine is often packaged into for retail sale and that
there were not other items like sandwiches in the vehicle that would call for
the bags.   

            The jury found Appellant guilty as
charged, and the trial court sentenced him to sixty years of imprisonment.  This appeal followed.

 

Legal and Factual
Sufficiency

            In his first issue, Appellant argues
that the evidence was legally and factually insufficient to show that he
possessed the kilogram of cocaine found in the back of the Lincoln Navigator.[2]  

Standard of
Review

            In evaluating the legal sufficiency
of the evidence, we view the evidence in the light most favorable to the
verdict and determine whether any rational trier of fact could have found the
essential elements of the offense beyond a reasonable doubt.  Russeau v. State, 171 S.W.3d
871, 877 (Tex. Crim. App. 2005) (citing Jackson v. Virginia, 443
U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560)).  In reviewing factual sufficiency, we must
determine whether a neutral review of the evidence, both for and against the
finding, demonstrates that a rational jury could find guilt beyond a reasonable
doubt.  Zuniga v. State,
144 S.W.3d 477, 484 (Tex. Crim. App. 2004). 
Evidence is factually insufficient when evidence supporting the verdict,
considered by itself, is too weak to support the finding of guilt beyond a
reasonable doubt.  Id.  Evidence is also factually insufficient when
contrary evidence is so strong that the beyond a reasonable doubt standard
could not have been met.  Id.
at 484-85.  A verdict will be set aside “only
if the evidence supporting guilt is so obviously weak, or the contrary evidence
so overwhelmingly outweighs the supporting evidence, as to render the
conviction clearly wrong and manifestly unjust.”  Ortiz v. State, 93 S.W.3d 79,
87 (Tex. Crim. App. 2002); Sims v. State, 99 S.W.3d 600, 601
(Tex. Crim. App. 2003).  A clearly wrong
and manifestly unjust verdict occurs where the jury’s finding “shocks the
conscience” or “clearly demonstrates bias.” 
Zuniga, 144 S.W.3d at 481. 

            In both legal and factual
sufficiency review, the fact finder is the sole judge of the weight and
credibility of a witness’s testimony. 
Wesbrook v. State, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000); Johnson
v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000).  The jury may choose to believe all, some, or
none of a witness’s testimony.  Sharp
v. State, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986).

Applicable Law

            To support a conviction for
possession of a controlled substance; there must be evidence that  (1) the accused exercised actual care,
control, or custody of the substance; (2) he was conscious of his connection
with it; and (3) he possessed the substance knowingly or intentionally.  See Tex.
Health & Safety Code Ann. §§ 481.102(3)(D), 481.115(f) (Vernon 2003
& Supp. 2004–05); Brown v. State, 911 S.W.2d 744, 747 (Tex.
Crim. App. 1995).  The evidence used to
prove these elements can be either direct or circumstantial.  Id.

            Proof of possession in this case is
circumstantial.  When the proof is
circumstantial, the State must establish that the accused’s connection to the
substance was more than just fortuitous. 
Id.  Furthermore,
when the accused is not in exclusive possession of the place where the
substance is found, it cannot be concluded that the accused had knowledge of
and control over the contraband unless there are additional independent facts
and circumstances which affirmatively link the accused to the contraband.  Poindexter v. State, 153 S.W.3d
402, 406 (Tex. Crim. App. 2005).  

            Courts have recognized as many as
seventeen nonexclusive factors that may be considered when evaluating
affirmative links.  The factors include
(1) whether the contraband was in plain view or recovered from an enclosed
place; (2) whether the accused was the owner or driver of the automobile in
which the contraband was found; (3) whether the contraband was conveniently
accessible to the accused or found on the same side of the vehicle as the accused
was sitting; (4) whether the contraband was found in close proximity to the
accused; (5) whether a strong residual odor of the contraband was present; (6)
whether the physical condition of the accused indicated recent consumption of
the contraband in question; (7) whether conduct by the accused indicated a
consciousness of guilt; (8) whether the occupants of the premises gave
conflicting statements about relevant matters; and (9) the quantity of the
contraband.  See Lassaint v. State,
79 S.W.3d 736, 740-41 (Tex. App.–Corpus Christi 2002, no pet.); see also
Poindexter, 125 S.W.3d at 405, n.7.  

Analysis

            The evidence in this case did not
show that Appellant possessed the kilogram of cocaine on his person.  Rather, the evidence showed that Appellant
and Rodriguez were working in concert to transport the illegal narcotics.  Trained and experienced police officers
testified that Interstate 20 is a heavily traveled narcotics trafficking
corridor and that cocaine is brought into Dallas in multi–kilogram quantities
and distributed from there in kilogram or smaller amounts.  They also testified that drug couriers often
work together, often have multiple cellular telephones, and often do not travel
in their own automobiles.  

            The evidence also showed that Appellant
was nervous and reacted disproportionately to the inability of the driver to
locate an insurance card.  He also became
nervous when the officer asked for his social security number.  Additionally, and more importantly, neither
the driver nor Appellant appeared to be aware of the other’s plans.  The driver said they were going to Shreveport
while Appellant said they were traveling to Tyler to look at a motorcycle
which, the officer observed, would not have fit in their vehicle had they
decided to purchase it.

            Examining the evidence in the light
most favorable to the jury’s verdict and in light of the nonexclusive factors
set forth above, we conclude that the jury could have reasonably determined
beyond a reasonable doubt that Appellant knowingly and intentionally possessed
the cocaine in the back of the Navigator. 
Therefore, we hold that the evidence was legally sufficient to support
the jury’s verdict.

            Under a neutral review of the
evidence, we reach the same conclusion. 
We have reviewed the record in its entirety.  We are mindful that our evaluation must not
substantially intrude upon the jury’s role as the sole judge of the weight and
credibility of witness testimony.  See
Santellan, 939 S.W.2d 155, 164 (Tex. Crim. App. 1997).  We also recognize that there is no set
formula for finding an affirmative link, but rather affirmative links are
established by a consideration of a totality of the circumstances.  See Hyett v. State, 58 S.W.3d 826,
830 (Tex. App.–Houston [14th Dist.] 2001, pet. ref’d).

            Given the circumstances of this
case, we conclude that the jury was entitled to find that the evidence tending
to link Appellant to the cocaine in question was of greater consequence than
the evidence not tending to so link Appellant. 
Applying the factor approach strictly, there are factors that weigh
against the conviction.  Appellant was
not under the influence of a controlled substance and did not have a controlled
substance on his person or conveniently accessible to him.  But the factors that weigh against the
conviction can be explained in the context of large scale narcotics
trafficking.  One would not necessarily
expect that carefully packaged cocaine would have a smell that would be obvious
or that a person engaged in the transportation of large quantities of cocaine
would be under the influence of the drug.   


            On the other hand, factors that
weigh in favor of the conviction include Appellant’s extreme and unwarranted
nervousness, the evolving and inconsistent stories about the men’s destination,
and the quantity of cocaine recovered. 
The value of the cocaine recovered was quite high, in excess of one
hundred thousand dollars, and Appellant’s nervousness was remarkable.  Deputy Constable Waters described Appellant
and the driver as panicked and “scrambling” around the inside of the vehicle to
find an insurance card.  

            Our review of the record as a whole,
with consideration given to all of the evidence, both for and against the jury’s
finding, has not caused us to conclude that the proof of guilt is so obviously
weak or is otherwise so greatly outweighed by contrary proof as to render
Appellant’s conviction clearly wrong or manifestly unjust.  Therefore, we hold that the evidence is
factually sufficient to support the jury’s verdict.  Appellant’s first issue is overruled.

 

Error in Judgment

            In his second issue, Appellant
complains that there is an error in the written judgment.  The parties agree that the judgment reflects
Appellant was convicted of “manufacture or delivery” of a controlled substance
in penalty group one in an amount of more than four hundred grams when he was
actually charged with and convicted of “possession” of a controlled substance
in penalty group one in an amount of more than four hundred grams.  

            Appellant asks us to modify the written
judgment pursuant to Texas Rule of Appellate Procedure 43.2(b).  The State does not oppose this request.  We have the authority to modify the trial
court’s judgment when we have the necessary information before us to do
so.  Tex.
R. App. P. 43.2(b); Bigley v. State, 865 S.W.2d 26, 27–28
(Tex. Crim. App. 1993).  Therefore, we
sustain Appellant’s second issue.

 

Conclusion

            The evidence is both legally and
factually sufficient to support Appellant’s conviction.  We modify the judgment to state
that Appellant was convicted of the offense of “possession of a controlled
substance in penalty group one in an amount of more than four hundred grams.”  We affirm the trial court’s
judgment as modified.

 

                                                                                                     JAMES T. WORTHEN    

                                                                                                                 Chief Justice

 

 

Opinion delivered April 28, 2006.

Panel
consisted of Worthen, C.J., Griffith, J., and DeVasto, J.

 

 

 

(DO
NOT PUBLISH)











[1] Appellant asserts that
the vehicle was owned by the driver’s sister. 
The record reflects that the driver said his sister owned the vehicle,
but there was no other proof of that fact.





[2] Appellant states that
he seeks appellate review of the legal sufficiency of the evidence.  However, the relief requested, that the
judgment be set aside, and the authority cited in his brief relate to factual
sufficiency review.  Therefore, we will
review both legal and factual sufficiency.