NO. 07-05-0457-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



JUNE 11, 2007


 ______________________________



DARREL WAYNE HURST, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE 69TH DISTRICT COURT OF DALLAM COUNTY;



NO. 3881; HONORABLE RON ENNS, JUDGE


_______________________________




Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

MEMORANDUM OPINION


 Appellant Darrel Wayne Hurst appeals his conviction of sexual assault and
accompanying probated sentence of two years incarceration. We will affirm.

 In his brief on appeal, appellant asks us to determine whether the evidence was
legally and factually sufficient to support the jury's verdict on count four in which it found
that appellant, on or about May 1, 2004, "intentionally or knowingly cause[d] the
penetration of the mouth of [complainant], a child who was then and there younger than
17 years of age and not the spouse of defendant, by defendant's sexual organ." 

 When deciding whether evidence is legally sufficient to support a conviction, a
reviewing court must assess all the evidence in the light most favorable to the verdict to
determine whether any rational trier of fact could find the essential elements of the crime
beyond a reasonable doubt. Poindexter v. State, 153 S.W.3d 402, 405 (Tex.Crim.App.
2005). When conducting a factual sufficiency review, we review the evidence in a neutral
light. Watson v. State, 204 S.W.3d 404, 414 (Tex.Crim.App. 2006); Zuniga v. State, 144
S.W.3d 477, 484 (Tex.Crim.App. 2004). However, we must be deferential to the jury's
findings and resist intruding on the fact finder's role as the sole judge of the weight and
credibility of the evidence. Johnson v. State, 23 S.W.3d 1, 7 (Tex.Crim.App. 2000). When
considering factual sufficiency of the evidence, we must address the most important
evidence that the appellant contends undermines the jury's verdict. Sims v. State, 99
S.W.3d 600, 603 (Tex.Crim.App. 2003).

 Appellant supplied a statement to the police which was later admitted at trial. 
According to the statement, the complainant initiated their sexual relationship. In pertinent
part, appellant's statement provides:

 [The complainant] played with my penis and performed oral sex on me until
I ejaculated . . . . After a day or so, [the complainant] performed oral sex on
me again while we were in bed. [The complainant] performed oral sex on
me six or eight times before it became intercourse . . . . After a week later,
[the complainant] was performing oral sex on me . . . . Me and [the
complainant] had sexual intercourse. . . . Me and [the complainant] probably
had sexual intercourse three times. I put a final stop to this around May
2004. At the time of the sex with [the complainant] she [was] 14 years old.


 The complainant also testified at trial. She indicated her date of birth was March 18,
1990 and that her sexual relationship with appellant started in the fall of 2003 when she
was 13 years old. The complainant turned 14 in March of 2004. She stated her sexual
relationship with appellant ended by the beginning of May 2004. The complainant affirmed
that appellant penetrated her mouth with his sexual organ when she was 13 years old and
indicated it happened more than once.

 Appellant points out the jury acquitted him of an aggravated sexual assault charge
presented in count two, which alleged oral penetration of the complainant by appellant's
sexual organ occurring on or about February 15, 2004. He argues the record does not
confirm the appellant's penetration of the complainant's mouth occurred when she was 14
years old, but only when she was 13 years old. He emphasizes the complainant's
testimony that the acts of oral sex occurred when she was 13. Appellant further contends
his statement also should be read to say that all the acts of oral sex occurred before the
complainant's fourteenth birthday. We disagree with this latter contention. Considering
appellant's statement as a whole, the jury rationally could have taken appellant's statement
he "put a final stop to this around May 2004" included both the oral sex and sexual
intercourse. Further, the jury also rationally could have considered the term "sex" in the
next sentence of appellant's statement to include both acts.

 Appellant characterizes his acquittal on count two as a flat rejection by the jury of
the complainant's testimony that acts of oral sex occurred between the two while she was
13. The jury may have been uncertain whether the acts of oral sex occurred when the
complainant was 13 or 14 years of age. (1) But appellant's argument does not explain how
the acquittal on the more serious charge renders the evidence insufficient on count four,
which, recall, required the jury to find that appellant, on or about May 1, 2004, "intentionally
or knowingly cause[d] the penetration of the mouth of [complainant], a child who was then
and there younger than 17 years of age and not the spouse of defendant, by defendant's
sexual organ." (emphasis added). 

 We find that based on appellant's statement and the testimony of the victim, a
rational trier of fact could have reasonably found beyond a reasonable doubt that appellant
penetrated the mouth of the complainant with his sexual organ when she was younger than
17 years of age. Poindexter, 153 S.W.3d at 405; Zuniga, 144 S.W.3d at 484. We
therefore conclude the evidence is legally and factually sufficient to support the conviction,
overrule appellant's issues, and affirm the judgment of the trial court. 

 


 James T. Campbell

 Justice




Do not publish.
1. The jury also acquitted appellant of the charge under count one, which alleged
appellant committed aggravated sexual assault by vaginal penetration of the complainant
by appellant's sexual organ occurring on or about September 1, 2003, but found appellant
guilty of sexual assault under count three, alleging vaginal penetration of the complainant
occurring on or about April 15, 2004. Appellant concedes his statement to the police
supports the verdict of guilty on count three, and no appellate issue is raised on appeal
regarding that count. 



nse pro se.


 By letter dated
January 27, 2009, this court also notified appellant of his right to file his own response by
February 26, 2009, if he wished to do so. Appellant thereafter filed a motion for extension
of time and was granted until March 30, 2009, to file his response. To date, he has not
done so. 
          In compliance with the principles enunciated in Anders, appellate counsel discussed
two potential issues for appeal. They include 1) error in the sentencing of appellant, and
2) whether trial counsel provided effective assistance. However, counsel has satisfactorily
explained why each argument lacks merit. 
          We have also conducted our own review of the record to assess the accuracy of
appellate counsel’s conclusions and to uncover any reversible error pursuant to Stafford
v. State, 813 S.W.2d 503 (Tex. Crim. App. 1991). That review has failed to reveal any
such error. 
          Accordingly, the motion to withdraw is granted, and the judgment is affirmed. 
 
                                                                           Brian Quinn 
                                                                          Chief Justice
Do not publish.