OPINION HEADING PER CUR 









                NO. 12-07-00030-CR

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS
DISTRICT

 

TYLER, TEXAS

 

 

DAVID EUGENE SCHAEFER,     §                      APPEAL
FROM THE 

APPELLANT

 

V.        §                      COUNTY
COURT AT LAW NO. 2

 

THE
STATE OF TEXAS,

APPELLEE   §                      HENDERSON
COUNTY, TEXAS

                                                                                                    
                                                      

MEMORANDUM
OPINION

            David Eugene Schaefer appeals his conviction for
misdemeanor assault.  In a single issue, Appellant
contends that the evidence is factually insufficient to support his
conviction.  We affirm.

 

Background

            Appellant was charged by information with assault causing
bodily injury, family violence, a Class A misdemeanor.[1]








  At trial, Doris Jean Ivey, Appellant’s wife
at the time of the offense, testified that on September 4, 2005, she and
Appellant began the day together at home. 
He declined to go to church with her that morning.  Before she left for church, Ivey asked
Appellant not to be at the house when she returned.  After church, Ivey called home and asked
Appellant to bring her the house key because she did not want him to come
back.  However, Appellant returned to the
house at approximately 8:45 p.m. that night. Ivey stated that Appellant was
intoxicated.  She testified that  he “trashed” the house, including throwing
her computer across the room and turning all of the furniture upside down.  Then, Appellant pushed her and threw her
across the room causing her to hit the back wall in the bedroom and knock over
a table.  Ivey also stated that he choked
her around the neck causing her to have trouble breathing, hit her in the back
of the head, and kicked and stomped her legs.

            Kenneth Bee, a police officer with the Tool Police
Department, testified that Ivey arrived at the police department at
approximately 11:15 p.m. on September 4, 2005. 
According to Bee, she stated that Appellant had assaulted her and gave a
written report.  Pictures detailing Ivey’s
bodily injuries and damage to her house were admitted into evidence.  Ivey testified that these bodily injuries
occurred as the result of the alleged assault.

            Kim Temple, a school teacher and Ivey’s friend, testified
that Ivey called her following the alleged assault and asked Temple to take her
to the Tool Police Department.  Temple
observed bruises on Ivey’s arm and leg. 
She testified that she had seen Ivey the week before the alleged assault
and stated that she did not notice those bruises at that time.  Temple also stated that she took Ivey home
that night and observed the “disarray” and destruction at her home.

            Appellant’s mother, Shirley Bird, testified that she and
Ivey spoke on the telephone the night of September 3.  Ivey told Bird that she and Appellant “got
into it” and that Appellant  hit
her.  Tracy Crow, the girlfriend of one
of Appellant’s friend’s, Scott Bryant, testified that Appellant spent the night
at their house in Kemp on September 3. 
Further, she stated that Appellant was with them throughout the day of
September 4 until leaving “right before it got dark.”  Bird testified that Appellant arrived at her
apartment in Mabank at approximately 7:45 p.m. the night of September 4.  According to Bird, he was at her house the
rest of that night. 

            Mark Chatterly, who attends church with Ivey and
Appellant, testified that during a Sunday morning service at church, he saw a “mark”
on Ivey’s arm.  He stated that Ivey told
him that she and Appellant were having problems and that he had assaulted
her.  However, he could not recall the
exact date Ivey reported that she had been assaulted.  Chatterly also testified that his
mother-in-law was best friends with Bird, Appellant’s mother.  Approximately two weeks after the alleged
assault, he observed Ivey and Appellant at church, sitting together in a pew,
and then praying and crying at the alter. 
Tracy Gerbauer, who attends church with Ivey, testified that she saw
bruises or “grab marks” on Ivey’s arms at church.  She stated that she later saw Ivey and
Appellant at church together praying at the altar.  Thomas Schaefer, Appellant’s brother,
testified that Appellant had been taught by their father never to “touch a
woman” and that he had never seen Appellant violent towards any woman. Jeanie
Sutton, Appellant’s sister, testified that her father taught her brothers not
to hit women and she had never known Appellant to abuse a woman.

            Robert Walker, the Chief of Police for the City of
Eustace, testified that he and Ivey went to school together and that he had
known her for approximately twenty-five years. 
He said that he had known Appellant for approximately twenty years.  Walker testified that he “set [Appellant] up”
with Ivey.  He stated that less than a
year before the alleged assault, he showed Ivey some “take down” defensive
moves.  He said that she was “pretty
bruised up” from his demonstration. 
Bird  testified that Ivey “bruise[d]
very easy” and that she had seen Ivey bruised “lots of times.” She described
one incident where Bird’s ex-husband was “goofing around playing” in the pool
with Ivey.  According to Bird, Ivey’s arm
was a “mess” the next day.  Schaefer also
testified Ivey bruised easily. He stated that his father “squeezed” Ivey’s arm “a
little bit,” resulting in bruises.

            Sutton testified regarding an incident she observed of
Ivey’s infidelity during the marriage. 
Brenda Lee, a former friend of Ivey’s, testified that she also witnessed
Ivey commit marital infidelity.  Sutton
also testified that Appellant wanted a divorce but that Ivey filed for divorce
first.  She stated that Ivey told her she
wanted a divorce because Appellant could not provide for her sexually or
financially.  Before the trial, Ivey told
Sutton she wanted to drop the assault charge against Appellant because it was
false.  Later, Ivey told Sutton that she
could not drop the charge because the State “picked it up.”  

            The jury found Appellant guilty of assault as alleged in
the complaint and information and assessed his punishment at 180 days of
confinement in the Henderson County Jail and a $2,000 fine.[2]  Appellant timely filed this appeal.

 

Factual Sufficiency

            In his sole issue, Appellant contends that the evidence
is factually insufficient to support his conviction.  

Standard of Review

            In conducting a factual sufficiency review of the
evidence, we must first assume that the evidence is legally sufficient.  Santellan v. State, 939 S.W.2d
155, 164 (Tex. Crim. App. 1997).  When
beginning a factual sufficiency review, we view all of the evidence in a
neutral light.  Ladd v. State,
3 S.W.3d 547, 557 (Tex. Crim. App. 1999). 
We then consider all of the evidence weighed by the jury that tends to
prove the existence of the fact in dispute and compare it to the evidence that
tends to disprove that fact.  See Santellan,
939 S.W.2d at 164.  A verdict will be set
aside “only if the evidence supporting guilt is so obviously weak, or the contrary
evidence so overwhelmingly outweighs the supporting evidence, as to render the
conviction clearly wrong and manifestly unjust.”  Ortiz v. State, 93 S.W.3d 79,
87 (Tex. Crim. App. 2002).  A clearly
wrong and manifestly unjust verdict occurs where the jury’s finding “shocks the
conscience” or “clearly demonstrates bias.” 
Jones v. State, 944 S.W.2d 642, 648 (Tex. Crim. App.
1996).  

            The fact that we might harbor a subjective level of
reasonable doubt is not enough to overturn a conviction that is founded on
legally sufficient evidence.  See Watson
v. State, 204 S.W.3d 404, 417 (Tex. Crim. App. 2006).  Although we are authorized to disagree with
the jury’s determination, even if probative evidence exists that supports the
verdict, see Clewis v. State, 922 S.W.2d 126, 133 (Tex. Crim.
App. 1996), our evaluation should not substantially intrude upon the jury’s
role as the sole judge of the weight and credibility of witness testimony.  Santellan, 939 S.W.2d at
164.  Where there is conflicting
evidence, the jury’s verdict on such matters is generally regarded as
conclusive.  Van Zandt v. State,
932 S.W.2d 88, 96 (Tex. App.–El Paso 1996, pet. ref’d).  A jury is in the best position to evaluate
the credibility of witnesses, and we are required to afford “due deference” to
the jury’s determination.  Marshall
v. State, 210 S.W.3d 618, 625 (Tex. Crim. App. 2006).  We cannot declare that a conflict in the
evidence renders the evidence factually insufficient because we disagree with
the jury’s resolution of the conflict.  See
Watson, 204 S.W.3d at 417.  

            A successful factual sufficiency challenge will result in
a reversal of the conviction and remand of the case for a new trial.  See id. at 414.  An opinion addressing factual sufficiency
must also include a discussion of the most important and relevant evidence that
supports the Appellant’s complaint on appeal. 
See Sims v. State, 
99 S.W.3d 600, 603 (Tex. Crim. App. 2003).  At trial, the State had to prove that
Appellant intentionally, knowingly, or recklessly caused bodily injury to
Ivey.  See Tex. Penal Code Ann. § 22.01(a)(1) (Vernon 2007) (setting
forth the elements of assault).  

Discussion

            At trial, Crow and Bird contradicted Ivey’s testimony
regarding Appellant’s presence at her home on September 4.  Chatterly and Gerbauer contradicted the
timing of her bruises and Walker, Bird, and Schaefer contradicted how she might
have received the bruises.  The testimony
of Sutton and Lee also raised questions regarding Ivey’s credibility.  However, the jury determined which witnesses
were credible and which were not, and the weight to be given their testimony
and the pictures admitted into evidence.  See Barnes v. State, 876 S.W.2d
316, 321 (Tex. Crim. App. 1994). Thus, the jury was free to resolve the evidentiary
inconsistencies in the State’s favor, which is its prerogative as fact finder.

            Under these facts, the record does not clearly reveal
that a different result was appropriate, and therefore we must defer to the
jury’s determination concerning what weight to give contradictory testimonial
evidence.  See Johnson v.
State, 23 S.W.3d 1, 8 (Tex. Crim. App. 2000).  We determine that the evidence is not so weak
that the verdict is clearly wrong and manifestly unjust, and that there is no
basis in the record for a conclusion that the great weight and preponderance of
the evidence contradicts the jury’s verdict. 
See Watson, 204 S.W.3d at 417; Ortiz, 93
S.W.3d at 87.  Therefore, we conclude
that the evidence was factually sufficient for the jury to find Appellant
guilty of assault as charged in the information.  Accordingly, Appellant’s sole issue is
overruled.

 

Disposition

            Having overruled Appellant’s sole issue, we affirm the
judgment of the trial court.

 

 

 

                                                                                                     JAMES T. WORTHEN    

                                                                                                                 Chief Justice

 

 

Opinion
delivered March 31, 2008.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

(DO NOT PUBLISH)











[1] See Tex. Penal Code Ann. § 22.01(a)(1), (b) (Vernon Supp. 2007).





[2] An individual adjudged guilty of a Class
A misdemeanor shall be punished by a fine not to exceed $4,000, confinement in
jail for a term not to exceed one year, or both. Tex. Penal Code Ann. § 12.21 (Vernon 2003).