# NO. 12-07-00026-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JESSICA JAYNE BARNES,*<br>*APPELLANT* | § | *APPEAL FROM THE 241ST* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Jessica Jayne Barnes appeals her conviction for aggravated assault with a deadly weapon, for which she was sentenced to imprisonment for three years, probated for ten years. In two issues, Appellant contends that the evidence was not factually sufficient to support the trial court's judgment and that the trial court erred in limiting her cross examination of the alleged victim of the assault. We affirm.

### BACKGROUND

Appellant had an "off and on" relationship with John Columbo. During a difficult period of their relationship, Appellant moved out of the mobile home she and Columbo shared on occasion. Early on the morning of May 8, 2006, Appellant met with Columbo. During their meeting, Appellant and Columbo argued and fought. According to Columbo, Appellant wielded a knife and stabbed him in the arm. According to Appellant, Columbo made Appellant hold the knife while he stabbed his own arm.

Smith County deputies later investigated the incident. During the course of their investigation, Appellant told the deputies that she wanted to kill Columbo because he was having an affair with another woman and because he had molested Appellant's daughter. Columbo initially

told the deputies that Appellant had stabbed him, but later prepared a written statement in which he claimed that he had forced Appellant to stab him.

Appellant was charged by indictment with aggravated assault and pleaded "not guilty." The matter proceeded to a jury trial. At trial, Columbo testified that Appellant assaulted him with a knife. Columbo was cross examined regarding his written statement in which he claimed that the knife wounds were self-inflicted. However, the trial court did not allow Appellant to cross examine Columbo regarding any bias he held as a result of Appellant's allegation that Columbo had sexually assaulted her daughter. Smith County deputies Reginald B.J. Williams and Patrick Garrigan testified that, on the morning of the incident, Appellant admitted that she wanted to kill Columbo. Appellant testified that Columbo forced her to hold the knife and cut him with it. The jury ultimately found Appellant "guilty" as charged and assessed her punishment at imprisonment for three years, probated for ten years. The trial court sentenced Appellant accordingly, and this appeal followed.

### FACTUAL SUFFICIENCY

In her first issue, Appellant contends that the evidence is factually insufficient to support the trial court's judgment. In conducting a factual sufficiency review of the evidence, we must first assume that the evidence is legally sufficient. *Santellan v. State*, 939 S.W.2d 155, 164 (Tex. Crim. App. 1997). We view all of the evidence in a neutral light. *See Ladd v. State*, 3 S.W.3d 547, 557 (Tex. Crim. App. 1999). We then consider all of the evidence weighed by the jury that tends to prove the existence of the fact in dispute and compare it to the evidence that tends to disprove that fact. *See Santellan*, 939 S.W.2d at 164. A verdict will be set aside "only if the evidence supporting guilt is so obviously weak, or the contrary evidence so overwhelmingly outweighs the supporting evidence, as to render the conviction clearly wrong and manifestly unjust." *Ortiz v. State*, 93 S.W.3d 79, 87 (Tex. Crim. App. 2002). A clearly wrong and manifestly unjust verdict occurs where the jury's finding "shocks the conscience" or "clearly demonstrates bias." *Jones v. State*, 944 S.W.2d 642, 648 (Tex. Crim. App. 1996).

The fact that we might harbor a subjective level of reasonable doubt is not enough to overturn a conviction that is founded on legally sufficient evidence. *See Watson v. State*, 204 S.W.3d 404, 417 (Tex. Crim. App. 2006). Although we are authorized to disagree with the jury's determination, even if probative evidence exists that supports the verdict, *see Clewis v. State*, 922 S.W.2d 126, 133

(Tex. Crim. App. 1996), our evaluation should not substantially intrude upon the jury's role as the sole judge of the weight and credibility of witness testimony. *Santellan*, 939 S.W.2d at 164. Where there is conflicting evidence, the jury's verdict on such matters is generally regarded as conclusive. *Van Zandt v. State*, 932 S.W.2d 88, 96 (Tex. App.–El Paso 1996, pet. ref'd). A jury is in the best position to evaluate the credibility of witnesses, and we are required to afford "due deference" to the jury's determination. *Marshall v. State*, 210 S.W.3d 618, 625 (Tex. Crim. App. 2006).

A successful factual sufficiency challenge will result in a reversal of the conviction and remand of the case for a new trial. *See Watson*, 204 S.W.3d at 414. An opinion addressing factual sufficiency must also include a discussion of the most important and relevant evidence that supports the appellant's complaint on appeal. *See Sims v. State*, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003). Here, the State was required to prove that Appellant intentionally, knowingly, or recklessly caused bodily injury to Columbo through the use of a deadly weapon, a knife. *See* TEX. PENAL CODE ANN. § 22.02(a)(1) (Vernon 2007).

Appellant argues that the evidence is not factually sufficient to support the conviction because the alleged victim of the assault, Columbo, is not trustworthy. The record undoubtedly indicates that Columbo presented inconsistent versions of the events that led to his stabbing. In his statement given to the deputies on the morning of the incident and in his testimony to the jury at trial, Columbo stated that Appellant intentionally stabbed him. Yet in his written statement, Columbo claimed that he forced Appellant to stab him. However, the State presented evidence explaining that the inconsistent statement was an attempt by Columbo to help Appellant, whom he still loved. Moreover, Columbo testified at trial that the truthful account was that Appellant, of her own volition, stabbed him rather than that he forced Appellant to stab him. This version of the events is further bolstered by Appellant's statements to the Smith County deputies that she wanted to kill Columbo. Our review of the record as a whole, with consideration given to all of the evidence, both for and against the trial court's finding, has not revealed to us any evidence that causes us to conclude that the proof of guilt is so obviously weak or is otherwise so greatly outweighed by contrary proof as to render Appellant's conviction clearly wrong or manifestly unjust. Therefore, we hold that the evidence is factually sufficient to support the trial court's judgment. Appellant's first issue is overruled.

## LIMITS ON CROSS EXAMINATION

In her second issue, Appellant argues that the trial court improperly limited her cross examination of Columbo. Specifically, Appellant contends that the trial court should have allowed Columbo to be questioned regarding his potential bias against Appellant.

Appellant first sought to question Columbo regarding a conversation that he had with Ann Barnes, Appellant's stepmother, in which they discussed a complaint by Appellant's daughter that Columbo had sexually assaulted her. During an offer of proof outside the presence of the jury, Columbo admitted that Barnes had told him about the complaint. The trial court ruled that such evidence was inadmissible hearsay. Later, the trial court supplemented its ruling, finding that the evidence was further inadmissible under Texas Rule of Evidence 403 because its probative value was substantially outweighed by the danger of unfair prejudice associated with it.

Appellant next sought to question Columbo regarding a conversation he had with Appellant, in which she accused him of sexually assaulting her daughter. Appellant alleged that this conversation occurred during the fight in which Columbo was stabbed. Again, during an offer of proof outside the presence of the jury, Columbo denied that he and Appellant discussed the alleged sexual assault of Appellant's daughter. The trial court ruled that the evidence was inadmissible both as hearsay and pursuant to Texas Rule of Evidence 403.

We review a trial court's decision to exclude evidence under an abuse of discretion standard. *See Burden v. State*, 55 S.W.3d 608, 615 (Tex. Crim. App. 2001). A trial court abuses its discretion when its decision falls outside the zone of reasonable disagreement. *See Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh'g). Under an abuse of discretion review, we will uphold the trial court's ruling on the admission or exclusion of evidence if the ruling was proper under any legal theory or basis applicable to the case. *See Martinez v. State*, 91 S.W.3d 331, 336 (Tex. Crim. App. 2002).

The trial court prohibited the cross examination of Columbo concerning his conversations with Barnes and Appellant on two independent grounds. First, the trial court ruled that the evidence in question was hearsay. Second, the trial court ruled that the evidence should be excluded pursuant to Texas Rule of Evidence 403. On appeal, Appellant challenges the trial court's ruling that the probative value of the evidence was substantially outweighed by the danger of the unfair prejudice

associated with it.  Even assuming arguendo that the evidence was relevant under Rule 403, it still could be properly excluded as hearsay.  However, Appellant has not challenged the trial court's ruling that the evidence was hearsay.  Rather, Appellant states in her brief, "A defendant should always be allowed to question a witness as to their possible bias or prejudice or their reason to testify."  Yet Appellant directs us to no authority, nor are we aware of any such authority, supporting the proposition that hearsay evidence is admissible if it demonstrates a witness's bias.[1]  Thus, because the unchallenged hearsay ground supports the trial court's ruling, we will uphold the ruling on that basis.  *See* **Martinez**, 91 S.W.3d at 336.  Appellant's second issue is overruled.

### DISPOSITION

Having overruled Appellant's first and second issues, we ***affirm*** the trial court's judgment.


    BRIAN HOYLE
Justice


Opinion delivered June 25, 2008.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*


(DO NOT PUBLISH)

---

[1] We recognize that evidence not offered for the truth of the matter asserted is not hearsay.  TEX. R. EVID. 801(d).  We have reviewed the record in its entirety and have found no instance in which Appellant argued that the statements by Barnes and Appellant were not offered for the truth of the matter asserted.  *See* TEX. R. APP. P. 38.1(h).